ALBANY,
Oct. 1834.

The People
v.
Green.

---

### THE PEOPLE *vs.* WILLIAM GREEN.

The *discharge of a jury*, in a *criminal* case, without agreeing on a verdict, is
a matter resting in the *sound discretion* of the court in which the trial is had.
The exercise of the discretion of a court in this respect cannot be review-
ed on writ of error ; so HELD in this case, where the jury were discharged
after only *thirty minutes* consultation.
*It seems* that the power to discharge should be exercised with great caution ;
that for a disagreement upon the first comparison of opinions, a jury
should not be discharged ; that reasonable time should be allowed, &c.

ERROR from the New York general sessions. Green was
indicted on the *ninth* of September, 1834, for grand larcency,
and on the same day was arranged and tried. The jury re-
tired, and after being absent about *half an hour,* returned into
court, and stated that they had not agreed. The counsel for

ALBANY,
Oct. 1834.

The People
v.
Green.

the prisoner, on being asked to consent to their discharge, refused to do so; whereupon the *court discharged the jury.* On the *eleventh* of September the same grand jury who had found the first bill of indictment against the prisoner, found another against him for the same offence, whereon he was arranged. He now pleaded the above facts in *bar* of the further prosecution, &c. To which plea the district attorney of New York *demurred.* The demurrer was argued before the sessions, who adjudged the plea bad, and ordered the prisoner to answer. He standing mute, a plea of not guilty was entered for him, whereupon he was tried, convicted of petit larceny, and sentenced to the penitentiary. He sued out a writ of error.

*N. B. Blunt,* for the prisoner.

*Green C. Bronson,* (attorney general,) for the people.

*By the Court,* SAVAGE, Ch. J. The question is, whether the discharge of the jury on the first trial amounted to an *acquittal* of the defendant? The doctrine that juries are to be compelled to unanimity by starvation, is near akin to the practice which once prevailed of transporting them in carts from one county to another, as the judge travelled from one assize to another, until they should agree. Both have long since been exploded, and are justly now considered as evidence of the barbarity of the age in which they existed. The subject has been fully considered by this court in several cases, particularly in *The People* v. *Olcott,* 2 *Johns. Cas.* 301, and *The People* v. *Goodwin,* 18 *Johns. R.* 200. The rule was laid down by Mr. Justice *Kent* in the first of these cases, which was acquiesced in by Chief Justice *Spencer* in the last, that the question of discharging a jury is one which must rest in the sound discretion of the court: "Either the court must determine when it is requisite to discharge, or the rule must be inflexible, that after the jury are once sworn and charged, no other jury can in any event be sworn and charged in the same cause. The moment cases of necessity are admitted to form exceptions, that moment a door is open to that discretion of the

court to judge of that necessity, and to determine what combination of circumstances will create one." The rule laid down by the supreme court of the United States, in *The United States* v. *Perez,* 9 *Wheat.* 580, is this : that " the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." " And the security which the public have for the faithful, sound and conscientious exercise of this discretion rests in this, as in other cases, upon the responsibility of the judges, under their oaths of office." In both courts it was adjudged that such a dicharge constitutes no bar to further proceedings, and did not prevent another trial upon the same indictment. The only case in which such a discharge has been held equivalent to an acquittal is, when a juror has been withdrawn because the public prosecutor was not prepared with his testimony. 2 *Caines,* 308.

It is true that in all the cases which have arisen in this court, the jury has not been discharged until a much longer time had been spent in efforts to agree than in this case ; but when it is admitted that the court has the power to discharge, and that the time when the power ought to be exercised rests in the discretion of the court, a case is presented in which it seems to me that if the power has not been discretely exercised, there can be no remedy by writ of error. I do not intend to say that the discretion of the court below was improperly exercised. It is however very unusual to discharge upon only an half hour's consultation of the jury. Posssibly after longer discussion there might have been an unanimity of opinion. On that point the court below, who may have known the character of the jury, may have come satisfactorily to the belief that they never would agree, and that longer confinement would be unavailing. I can only repeat, what has often been said by others, that in such cases great caution and prudence are necessary. Juries should not be discharged, because upon the first comparing of opinions there happens to be a disagreement. Temperate discussion may produce una-

nimity, and time should be allowed for that purpose ; but when such time has been allowed, and the court become satisfied that there is no reasonable prospect of an agreement by further discussion, it then becomes their duty to discharge.

Judgment affirmed.