## THE WAYNE COUNTY TURNPIKE COMPANY v. BERRY.

Suit by *B.* against the *Wayne County Turnpike Company*, for damages for an injury sustained by him by a fall through the sidewalk of a bridge within the corporation of *Cambridge City*, alleged to belong to said company, and which was out of repair. The Court allowed the plaintiff to amend his complaint on the trial, by inserting the averment that he was ignorant that the bridge was out of repair. The record showed no abuse of discretion by the Court; and no motion for a continuance or for the taxation of costs was made. *Held*, that there was no error.

The bridge in question was constructed by the *White Water Valley Canal Company*, across an existing highway which the canal had rendered impassable, and was erected for the restoration of the highway, and became a part thereof. Three or four years after its erection, and while it was yet used *as a public highway*, said turnpike company was incorporated, with the right of converting said highway into a turnpike, and charging tolls thereon, and burdened with the duty of keeping it in repair. The company received the highway as it was, with its bridges, culverts, &c., subject to existing easements. *Held*,

that, as to the public, the turnpike company was bound to keep the bridge in repair.

*Semble,* also, that the canal company, and, if the highway was along a street of *Cambridge City,* the city, might likewise be bound to keep the bridge in repair, and the injured party might elect which of the three parties to sue.

*Held,* also, that though the turnpike company might not have been bound to keep the sidewalks of the bridge in repair, because originally attached to it, yet the evidence being that the company had on one or two occasions made some repairs on it, the company was bound to keep the sidewalks in repair so long as they continued and recognized them as part of the bridge.

A judgment will not be reversed on account of the improper admission of evidence, where the evidence itself is entirely unimportant.

There is no error in refusing to give an irrelevant instruction to the jury.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—*Leonidas Berry* brought suit against *The President and Directors of the Wayne County Turnpike Company,* to recover damages sustained by him from a fall through a bridge alleged to belong to said company, and which was out of repair. The bridge was within the corporation of *Cambridge City.* The company put in a general denial of each and all the allegations of the plaintiff's complaint, and pleaded further that the bridge in question had been built, before the organization of the turnpike company, by the *White Water Valley Canal Company;* also that the defendant knew the bridge was out of repair; and also that it was through a sidewalk of the bridge that the plaintiff fell, which sidewalk was neither built nor owned by the turnpike company.

The plaintiff demurred to the plea setting up that the bridge was built by the canal company, and the Court sustained the demurrer; and he averred that the sidewalk was a part of the bridge and was the property of the company. The parties went to trial. During its progress the plaintiff asked leave to amend, by inserting in his complaint the allegation that he was ignorant that the bridge through which he fell was out of repair, and the Court permitted the amendment to be made.

The trial resulted in a judgment for the plaintiff for 150 dollars.

The appellant contends that the Court erred in granting the plaintiff leave to amend. Sec. 97, p. 48, R. S. 1852,

Nov. Term, 1854.

THE WAYNE COUNTY TURNPIKE COMPANY v. BERRY.

Monday, November 27.

Nov. Term,
1854.

The Wayne
County
Turnpike
Company
v.
Berry.

vol. 2, seems to give the Court a general discretionary power as to permitting amendments, but provides that they shall be at the cost of the party making them, and that, for good cause shown, they shall entitle the opposite party to a continuance.

There is nothing in the record exhibiting an abuse of the Court's discretion as to the amendment in question, and no motion for a continuance, or for the taxation of costs, was made.

The position of the appellant now under consideration, is, therefore, without foundation.

We think the Court committed no error in sustaining the demurrer to the plea that the bridge was built by the canal company.

When that company constructed their improvement, they cut across an existing highway, rendering it impassable. The bridge was then erected, not for the use of the canal company, and as a part of her property, but to restore the highway. The bridge was in the place of the removed earth. It became a part of the highway. Some three or four years after said bridge was built, and while it was yet standing and used as a part of the public highway, the turnpike company was incorporated, with the right of converting said highway into a turnpike, and charging tolls thereon, and burdened with the duty of keeping it in repair. Said company received the highway as it was, with its bridges, culverts, &c., and subject to existing easements. We think, as to the public, the turnpike company was bound to keep the bridge in repair. So, also, may have been the canal company; and if said highway was along a street of *Cambridge City*, that corporation, likewise, may have been bound to keep said street and bridge in a passable condition. We see no reason why it might not happen, that a city, a turnpike, a canal, and a railroad company should, as to the public, be liable for defects in a bridge, so that a person injured might elect as to which he would proceed against, leaving the companies to settle the ultimate liability between themselves.

The issue of fact as to whether the sidewalk was a part

Nov. Term, 1854.

THE WAYNE COUNTY TURNPIKE COMPANY v. BERRY.

of the bridge was determined by the evidence in favor of the plaintiff. The proof on the point was, that the bridge was built in 1844 or 1845; "that the draft of it was made by *H. C. Moore*, engineer on the *White Water Valley Canal;* that its width, designed for wagons, was twenty-two feet, and each sidewalk five feet ten inches, making the full width thirty-three feet and eight inches; that it was paid for by the canal company and the subscriptions of private individuals;" and that the turnpike company had, on one or two occasions, made some repairs on said sidewalks.

Said company might not have been bound to keep in repair the sidewalks to the bridge, because they were originally attached to it; but so long as it did continue and recognize them as a part of the bridge, thus inviting to their use, it was bound to keep them in repair.

The declarations of one *Peale* were admitted in evidence as to some repairs by the turnpike company on said sidewalks, and their admission is said to have been erroneous.

We think it was sufficiently shown that he was acting as agent of the company when he made the declarations, to justify their admission in evidence; but if it was not, the declarations were entirely unimportant in the decision of the cause, and, hence, if erroneously admitted, their admission would not furnish a ground of reversal of the judgment.

The defendant asked the Court to instruct the jury that if the plaintiff knew of the defect in the bridge, and, nevertheless, passed over it, he could not recover for the injury he received. The Court refused this instruction. It expressed the law in the abstract, but, under the evidence, there was no error in refusing to give it. Instructions should be relevant, and applicable to the evidence in the cause. In this case, there was no evidence tending to show that the knowledge in question did, or might, exist. Indeed, no questions touching the point were asked by either party. The appearance, even, of the sidewalk or bridge, at this time, is not disclosed. When the plaintiff had proved that the sidewalk was, and had for a length of time been defective, that it belonged to the defendant, that

Nov. Term,
1854.

in passing it, in the usual course of travel, it broke through, causing him to be precipitated below to his injury, he made out a *prima facie* case for recovery, and if, in making out that case, he did not show his own carelessness in the matter, the burden of making the proof was upon the defendant. The proof was not made.

On the case, as presented to the jury, a verdict was found for the plaintiff, and we discover nothing in the record that will authorize us to reverse it. See *The President, &c., of Mount Vernon* v. *Dusouchett*, 2 Ind. R. 586.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*W. A. Bickle*, for the appellants.

*J.* and *H. C. Rariden*, for the appellee.