JOHN GRANT, plaintiff in error, *v.* THE PEOPLE, defendant. in error.

The return to a writ of error in a criminal case, brings up the indictment, the pleas interposed by the defendant, and the trial and judgment upon those pleas, as well as the bill of exceptions. On such a return, therefore, a special plea of a former trial on the same indictment, and the proceedings on such plea are properly before the court for review.

After the impanneling of a jury in a criminal case, its arbitrary discharge, with out any cause, and where no circumstances exist calling for the exercise of the discretion of the court, is a bar to a subsequent trial of the defendant upon the same indictment.

The issue joined upon a special plea of a former trial, can only be tried by a jury; the consent of the defendant cannot confer jurisdiction upon the court to try the issue without a jury.

Form of an indictment for the statutory offence of seduction under promise of marriage.

THIS case came up on a writ of error to the Court of Sessions of St. Lawrence county, where the plaintiff in error was arraigned upon an indictment in the following words:

*State of New York, County of St. Lawrence, ss :*

At a Court of Oyer and Terminer, held at the Court House, in the town of Canton, in and for the county of St. Lawrence, on the 15th day of February, in the year of our Lord, one thousand eight hundred and fifty-nine, before the Honorable Amaziah B. James, Justice of the Supreme Court, William C. Brown, County Judge, and Joseph Barnes and Silas Baldwin, Esquires, Justices of the Peace of said county, assigned to inquire by the oath of good and lawful men of said county, of all crimes and misdemeanors committed or triable in said county, and to hear, try, determine and punish all offenders according to law.

*St. Lawrence County, ss:*

The Jurors of the People of the State of New York, in and for the body of the county of St. Lawrence, to wit: Elihu M. Dana, &c., &c., good and lawful men of said county, now here sworn and charged to inquire for the said People, in and for the body of the said county, upon their oath do present:

That John Grant, late of the town of Norfolk, in the county of St. Lawrence, heretofore, to wit, on the 20th day of July, in the year of our Lord one thousand eight hundred and fifty-eight, at the town of Norfolk, in the county of St. Lawrence, unlawfully, willfully and feloniously, under and by means of promise of marriage, did seduce and have illicit sexual intercourse and connection with one Ruth Amelia Rose, she, the said Ruth Amelia, then and there, being an unmarried female of previous chaste character, against the form of the statute in such case made and provided.

And the jurors aforesaid, upon their oaths, do further present; That heretofore, to wit, on the 20th day of July, in the year 1858, at the town of Norfolk, in said county of St. Lawrence, the said John Grant undertook and promised to, and with one Ruth Amelia Rose, who was then and there an unmarried female of marriageable age and condition, to marry her, the said Ruth Amelia, whenever he, the said John, should be thereunto afterward requested, and mutual promises of marriage were then and there made and entered into by and between the said John and the said Ruth Amelia.

And the jurors aforesaid, upon their oaths, do further say: That after making the said promise of marriage by the said John Grant, he, the said John Grant, under and by means of his said promise of marriage, willfully and feloniously did seduce and have illicit connection with the said Ruth Amelia Rose, she, the said Ruth Amelia, being then and there an unmarried female of previous chaste character, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York.

THOMAS V. RUSSELL, *District Attorney.*

Grant *v.* The People.

Thereupon the counsel for the plaintiff in error interposed the following plea, to wit:

The People
    *vs.*          } Sept. 2d, 1859.
John Grant.

And the said John Grant comes and says, that no further proceedings in the premises ought to be had or taken against him on the said indictment, because he says, that on the first day of September, instant, in the Court of Sessions in said county, the said defendant was put upon his trial upon said indictment, and a jury between the People and the said defendant, upon the said indictment, was in due form of law drawn, impanneled, charged and sworn to well and truly try the said issue. And the said jury, without the consent of the said defendant, have been discharged and separated without having rendered any verdict therein, and without disagreeing or other special cause, but by mere irregularity, and the said defendant says that he has been once in jeopardy upon the said indictment, and cannot by the law of the land be again tried thereon.

To which said plea on the part and behalf of the said defendant, the District Attorney put in the following reply, to wit:

ST. LAWRENCE SESSIONS.

The People
    *vs.*          }
John Grant.

The People of the State of New York, by Thomas V. Russell, District Attorney, for the county of St. Lawrence, come and reply to the special plea in bar of the said defendant, and say that said jury was not discharged by the court, in case of the said John; that immediately after the impanneling of the jury in said plea mentioned, and before any further proceedings were had, and before any evidence was given to the said jury, at the special instance and request of the said defendant

made in open court, the said jury were allowed by the said court to separate and go without the Court House.

Issue being thus joined upon said defendant's said special plea, the counsel for the defendant proposed and requested that this issue upon the special plea in bar should be tried by the court without jury, and the court proceeded to try said issue, and upon such issue gave judgment for the People, and ordered the indictment to be tried before a jury.

The trial then proceeded before a jury, and the plaintiff in error was convicted and sentenced to two years' imprisonment in the State Prison.

*William H. Sawyer*, for plaintiff in error, cited *People* v. *Meany*, 4 *Johns. R.*, 294; 2 *R. S.*, 5th ed., 718, 1026; *People* v. *Cancemi*, 18 *N. Y. R.*, 134; 4 *Black. Com.*, 349; *Const. of N. Y.*, arts. 1, 2; *Pfefer* v. *Com.*, 3 *Harris*, 465; *Com.* v. *McCall*, 1 *Va. Cas.*, 371; *McLain* v. *State*, 10 *Yerg.*, 529; *People* v. *McKay*, 18 *Johns. R.*, 218.

*Thomas V. Russell* (District Attorney), for the People.

I. So much of the bill of exceptions in this case as relates to the proceedings in the court of Sessions, on the defendant's special plea in bar, ought to be stricken out and disregarded. All that matter is improperly incorporated into the bill.

The office of a bill of exceptions is confined to bringing up for review questions of law raised and decided on the trial of the *main issue.*

It does not extend to such questions as arise on the trial of preliminary or collateral matters. (*People* v. *Stockham*, 1 *Park.* 426; 2 *R. S.*, 736, § 21; *People* v. *Freeman*, 4 *Denio*, 21; *People* v. *Wynehamer*, 2 *Park.*, 382.)

II. In order to have brought that collateral issue in any way into the case, the defendant should have demanded to have the issue raised on his special plea, tried by the jury, like any other issue of fact, but at the *defendant's especial request*, this collateral issue was submitted to the court, and whether the

Grant *v.* The People.

decision was right or wrong, it is not a subject for review by this court on writ of error.

III. But if this court can, upon this bill of exceptions, review the decision of the Court of Sessions, on that collateral issue, it is submitted that no error was committed by the Sessions, because,

1. The suspending of the trial of the defendant after the jury had been impanneled, for the purpose of first trying another defendant, was by this defendant's express consent, which led necessarily to the separation of the jury over night, and his consent waives the irregularity, if there was any.

This was a matter as to which the prisoner's consent was binding upon, and cannot be revoked or repudiated, as in *Cancemi's* case.

2. In cases not capital, the separation of the jury, *without* the prisoner's consent, is a matter within the discretion of the court. (*People* v. *Eastwood*, 3 *Park.*, 28, *and cases there cited.*)

The mere fact of separation of the jury furnishes of itself no proof of misbehavior on their part (*People* v. *Douglass*, 4 *Cow.*, 26), and no misbehavior was alleged in this instance.

The true meaning of the maxim embodied in the Constitution of this State—"no man shall be subject to be twice *put in jeopardy,* for the same offence,"—is that no man shall be twice *tried* for the same offence and a verdict rendered.

No evidence will support a plea of "once in jeopardy" which will not support a plea of "*autrefois* acquit," or "*autrefois* convict." That is the test. (*Arch.*, *vol.* 1, *p.* 111, *and note.*)

ROSEKRANS, J. The return to the writ of error necessarily brings up the indictment, and the pleas interposed by the defendant, the trial and judgment upon those pleas, together with the bill of exceptions. The objection on the part of the People to so much of the bill of exceptions as relates to the defendant's special plea and the proceedings thereon, is therefore not well taken.

This special plea alleges, that on the first day of September, 1859, the defendant was put upon his trial upon the indict-

ment, and a jury was drawn, impanneled and sworn to try the issue between the People and the defendant, and that said jury, *without the consent of the defendant, had been discharged* and separated without rendering any verdict, and *without disagreeing or other special cause, but by mere irregularity,* and that the defendant had once been put in jeopardy upon the indictment, and could not be again tried. The reply to this plea, as amended, denied that the jury had been discharged, and alleged that they separated immediately after being impanneled, and before any evidence was given, *at the request of the defendant.*

If the facts alleged in the special plea are true, there can be no doubt, under the decisions in our own courts and elsewhere, that the defendant cannot be tried upon the indictment. The earlier cases upon the question whether the court had the power to withdraw a juror or to discharge a jury in a criminal case, were reviewed by Kent, Justice, in the case of *The People* v. *Olcott* (2 *J. Cas.,* 301), and it was held that the power existed, but that it could only be exercised in cases *where it was necessary for the proper administration of justice,* and that this necessity must be determined by the court upon a consideration of all the circumstances attending the case. The same question was considered in the case of *The People* v. *Goodwin* (18 *J. R.,* 187), and Spencer, Ch. J., in that case said: " Upon full consideration, I am of the opinion that, although the power of discharging a jury is a delicate and highly important trust, *yet that it does exist in cases of extreme and absolute necessity,* and that it may be exercised without operating as an acquittal of the defendant, that it extends as well to felonies as misdemeanors, and that it exists and may discreetly be exercised in cases where the jury, from the length of time they have been considering the case and their inability to agree, may be fairly presumed as never likely to agree unless compelled so to do from the pressing calls of famine or bodily exhaustion." In *The People* v. *Barrett* (2 *Caines' R.,* 308), Livingston, J., says: " The power (of withdrawing a juror in criminal cases) should not be lightly used, but confined as much as may be to cases of *very urgent necessity,* where, by the act of God, or by some

sudden and unforeseen accident, it is impossible to proceed without manifest injustice to the public or the defendant." And in *The United States* v. *Perez*, it was held that "the law has invested courts of justice with the authority to discharge a jury from giving a verdict, whenever, in their opinion, taking all the circumstances into consideration, *there is a manifest necessity for the act*, or the ends of public justice would otherwise be defeated." In *The People* v. *Green* (13 *Wend. R.*, 55, 57), it was held that when it is admitted that the court has the power to discharge, and that the time when the power ought to be exercised rests in the discretion of the court, a case is presented in which, if the power has not been discreetly exercised, there can be no remedy by writ of error. (*See also M. C. Newton's Case*, 66 *E. C. L. R.*, 716.) In the case now before us, the special plea excludes the existence of any necessity, and all grounds for the exercise of the discretion of the court. It alleges that the jury was "discharged without disagreeing or other special cause, but by mere irregularity," and that this was done without the consent of the defendant. In *Mahala* v. *The State* (10 *Yerg. R.*, 582), the Supreme Court of Tennessee held that there was no power to discharge a jury in a criminal case without the consent of the defendant, except in cases of manifest necessity. When the jury are unwarrantably discharged, it is equivalent to an acquittal. The law, to warrant the discharge of the jury, must be one of uncontrollable emergency. (*The State* v. *Waterhouse, Mart. & Yerg. R*, 278.) The English cases are all cited in the case of *Mary Catharine Newton* (66 *E. C. L. R.*, 716, *supra*). The arbitrary discharge of a jury in a criminal case, against the consent of a defendant, without any cause, and where no circumstances exist calling for the exercise of the discretion of the court (which is the case presented by the special plea of the defendant), is a bar to a subsequent trial of the defendant upon the same indictment. (*Commonwealth* v. *Cook*, 6 *Searg. & Rawle*, 577 ; *State* v. *Ephraim*, 2 *Dev. & Bat.*, 162 ; 2 *Gr. & Wat. on New Trials*, 105, 106, *and folios and notes.*) In the case of *The United States* v. *Pedro Gibert* (2 *Sumn. R.*, 60), Mr. Justice Story approves of

the doctrine of the Supreme Court of Pennsylvania and North Carolina, which hold that the provision of the Constitution of the United States, which declares that no person shall be subject for the same offence to be twice put in jeopardy of life or limb, includes cases where a party is once put upon his trial before the jury, and they are discharged from giving a verdict without extreme necessity, and he adds: " This, too, is the clear, determinate and well settled doctrine of the common law, acting upon the same principle as a fundamental rule of criminal jurisprudence." The clause of the Constitution referred to, has been held to extend to all felonies. (*People* v. *Godwin*, *supra*, 18 *J. R.*, 201.)

The issue joined upon the defendant's plea could only be tried by a jury. The consent of the defendant could not confer jurisdiction upon the court to try the issue without a jury. This was held in the case of *Cancemi* v. *The People* (18 *N. Y. R.*, 129, 135, 137), upon the ground that the State has an interest in the preservation of the liberty of its citizens, and will not allow it to be taken away except by due process of law, and that the trial of an issue joined upon an indictment, must be by the tribunal and in the mode prescribed by the Constitution and laws, without essential change. The defendant, therefore, has not been legally tried upon his special plea, and the judgment against him should be reversed, and a new trial ordered before the Sessions of St. Lawrence county, to which court the case is remitted.

Ordered accordingly.