(64 Misc. Rep. 256.)

### PEOPLE v. FISHMAN.

(Court of General Sessions, New York County. August, 1909.)

1. CRIMINAL LAW (§§ 186, 187*)—FORMER JEOPARDY.
   A former acquittal or conviction, which may be pleaded in bar, under Code Cr. Proc. § 9, or Const. art. 1, § 6, is an acquittal or conviction on the merits.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 312, 320, 345–361, 362–371; Dec. Dig. §§ 186, 187.*]

2. CRIMINAL LAW (§ 182*)—FORMER JEOPARDY.
   A jury may be discharged from the duty of giving a verdict, where in the opinion of the court, taking all the circumstances into consideration, there is manifest necessity for such action, and under such circumstances a plea of former jeopardy will not prevail.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 330–332; Dec. Dig. § 182.*]

3. STATUTES (§ 211*)—CONSTRUCTION—HEADNOTE.
   In the construction of a statute, the headnote or catchwords of the compiler form no part of it.
   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 288; Dec. Dig. § 211.*]

4. CRIMINAL LAW (§ 184*)—FORMER JEOPARDY—MISTRIAL.
   A discharge of the jury, because of a conversation concerning the case between the foreman of the jury and complaining witness, pending the trial, does not constitute by operation of law an acquittal, and a plea of former jeopardy cannot thereby be sustained.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 330–342; Dec. Dig. § 184.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry Fishman, indicted for grand larceny in the second degree and receiving stolen goods, moves to be discharged on the ground of former acquittal. Motion denied. ,

Charles G. F. Wahle, for the motion.

Robert C. Taylor and Isidor J. Kresel, Asst. Dist. Attys., opposed.

ROSALSKY, J. The defendant was indicted for the crimes of grand larceny in the second degree and criminally receiving stolen goods, knowing the same to have been stolen. On October 12, 1908, at a continued September Trial Term of Part 3 of this court, the defendant was duly called for trial, a jury was impaneled, and testimony of witnesses was heard by the court and jury. On the second day of the trial counsel who represented the defendant informed Mr. Isidor J. Kresel, assistant district attorney in charge of the prosecution against the defendant, that Harry S. Reiter, a law student, overheard the foreman of the jury impaneled in the case of the above-named defendant in conversation with the complaining witness, in the course of which the foreman of the jury addressed the complaining witness as follows: "Did you have your money in your pocket when you went to the car or when you bought a ticket?"—and the complaining witness said "Yes," and the foreman of the jury thereupon said, "That offsets that," and they parted. The court thereupon examined Mr. Reiter, the complaining witness, and the foreman of the jury, with the result that both the complaining witness and the foreman admitted that the conversation had occurred. The counsel for the defendant thereupon stated that he was constrained, in view of the circumstances, to join in. the motion made by the assistant district attorney to withdraw a juror and that a mistrial be declared. Upon the consent of both sides, the court ordered a juror to be withdrawn and a mistrial was declared.

On October 21, 1908, the defendant was represented by the present counsel, who served on the district attorney a notice on behalf of the defendant to the effect that, upon any subsequent attempt to again try the defendant on this indictment, he would, upon the record and affidavits containing relevant excerpts of the minutes, urge the former jeopardy of the defendant, object to the jurisdiction of the court to again try the defendant, and ask for the defendant's discharge. On October 22, 1908, the defendant was called for trial for the purpose of permitting counsel to challenge the jurisdiction of the court in placing the defendant on trial for a second time "under the same valid indictment," upon the ground that the proceedings at the former trial constituted in law an acquittal, and after hearing argument the court took the matter under advisement.

Section 9 of the Code of Criminal Procedure provides as follows:

"No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted."

The Constitution of the state provides as follows:

"No person shall be twice put in jeopardy for the same offense." Article 1, § 6.

Section 334 of the Code of Criminal Procedure provides the form in which the plea of former jeopardy may be entered. It is not pre-

tended that the defendant was duly acquitted within the meaning of section 9 of the Code of Criminal Procedure and therefore the defendant cannot interpose the plea of former acquittal, as specified in section 334 of the Code of Criminal Procedure, but urges that the discharge of the jury, under the circumstances herein narrated, by operation of law constituted an acquittal, and, therefore, that he is entitled to be discharged from further prosecution under this indictment.

"The plea of a former acquittal," Judge Blackstone says (4 Com. 335), "is grounded on this universal maxim of the common law of England, that no man is to be brought into jeopardy of his life more than once for the same offense; and hence it is allowed as a consequence, that where a man is once fairly found not guilty upon an indictment, or other prosecution, before any court having competent jurisdiction of the offense, he may plead such acquittal in bar of any subsequent accusation for the same crime. The plea of a former conviction depends on the same principle, that no man ought twice to be brought in danger for the same crime. To render the plea of a former acquittal a bar, it must be a legal acquittal, by judgment, upon a trial for substantially the same offense, and the verdict of a petit jury." 1 Chitty, Crim. Law, 372.

In United States v. Perez, 9 Wheat. 579, 6 L. Ed. 165, Mr. Justice Story said:

"We are of opinion that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defense. We think, that in all cases of this nature the law has invested courts of justice with the authority to discharge a jury from giving any verdict whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and in capital cases especially courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion rests, in this as in other cases, upon the responsibility of the judges, under their oaths of office. We are aware that there is some diversity of opinion and practice on this subject in the American courts; but, after weighing the question with due deliberation, we are of opinion that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial."

All of the well-considered authorities hold that, in a legal sense, a defendant is not put in jeopardy until the verdict of the jury is rendered, acquitting or convicting the defendant, and under either condition he cannot be retried for the same offense. In other words, a former acquittal or conviction, which may be pleaded in bar under the Code provisions or under the Constitution, is a conviction or acquittal on the merits. United States v. Perez, 9 Wheat. 579, 6 L. Ed. 165; People v. Barrett, 1 Johns. 66; People v. Goodwin, 18 Johns. 187, 203, 9 Am. Dec. 203; People v. Reagle, 60 Barb. 527; Canter v. People, 5 Abb. Pr. (N. S.) 21; People v. Caborus, 13 Johns. 351; People v. Green, 13 Wend. 57; People v. Olcott, 2 Johns. Cas. 301, 306, 1 Am.

Dec. 168; People v. Cignarale, 110 N. Y. 23, 17 N. E. 135; Common-wealth v. McCormick, 130 Mass. 61, 62, 39 Am. Rep. 423; People v. Smith, 172 N. Y. 227, 64 N. E. 814; People v. Neff, 122 App. Div. 135, 106 N. Y. Supp. 747.

An apparent exception to this rule is where a jury has been im-paneled to try a defendant upon an indictment, and where evidence is offered, if the public prosecutor, without the prisoner's consent, with-draws a juror, merely because he is unprepared with his evidence (People v. Barrett, 2 Caines, 304, 2 Am. Dec. 239; People v. Grant, 4 Parker, Cr. R. 527; Klock v. People, 2 Parker, Cr. R. 676; State v. Callendine, 8 Iowa, 288; Commonwealth v. Scott, 121 Mass. 33; Com-monwealth v. Kimball, 7 Gray [Mass.] 328; Commonwealth v. Tuck, 20 Pick. [Mass.] 356); or where the court arbitrarily exercises its power to discharge a jury (State of Kansas v. Smith, 44 Kan. 75, 24 Pac. 84, 8 L. R. A. 774, 21 Am. St. Rep. 266); or where there is no necessity for the discharge of the jury (Wright v. State, 5 Ind. 289, 290, 61 Am. Dec. 90).

The next important question to be considered, so far as the facts in the present case show, is whether, upon the evidence herein pre-sented, the court was justified in withdrawing a juror. The law re-ports abound in decisions that, although the power of discharging a jury is a delicate and highly important trust, nevertheless the law has vested courts of justice with the authority to discharge a jury from the duty of giving a verdict whenever, in their opinion, taking all the cir-cumstances into consideration, there is a manifest necessity for such action, and under such circumstances the plea of former jeopardy will not prevail; for example: Where, by an act of God, a juror should die (Rex v. Edwards, 4 Taunt. 309; United States v. Haskell, 4 Wash. C. C. 402, Fed. Cas. No. 15,321); or where a juror escapes from his fellow jurors (2 Hale, 296); or where the accused becomes sick and is unable to have his case continued (Leach, 443); or where the accused becomes insane (1 Hale, 35); or where a jury has been kept together a reasonable length of time, and there is no hope of their agreeing up-on a verdict (People v. Goodwin, 18 Johns. 187, 9 Am. Dec. 203; People v. Olcott, 2 Johns. Cas. 301, 1 Am. Dec. 168; People v. Reagle, 60 Barb. 527; People v. Green, 13 Wend. 57); or where a judge has become ill, and thereby incapacitated from attending to the duties of the trial (Nugent v. State, 4 Stew. & P. [Ala.] 72, 24 Am. Dec. 746); or where the jury is discharged for good and sufficient cause (People v. Smith, 172 N. Y. 227, 64 N. E. 814).

Section 430 of the Code of Criminal Procedure provides as fol-lows:

"In all cases where a jury are discharged, or prevented from giving a ver-dict, by reason of an accident or other cause, except where the defendant is discharged from the indictment, during the progress of the trial, or after the cause is submitted to them, the cause may be again tried at the same or an-other term."

It is claimed by the learned counsel representing the defendant that this section (supra), because it is contained in chapter 2 of title 7 of the Code of Criminal Procedure, under the headnote "Conduct of the Jury after the Cause is Submitted to Them," has no application to the

case under consideration, since the jury was discharged before the case was submitted to them, and that the court's power to discharge a jury before the rendition of a verdict is controlled by sections 400 to 416 of the Code of Criminal Procedure, which prescribe when a jury may be discharged without prejudice to a subsequent trial, and also confined and restricted to cases of extreme necessity.

The headnote of chapter 2 of title 7 is the phraseology employed by the annotator, and the courts have said that, in the construction of a statute, the headnote or catchwords of the compiler form no part of it. People v. Hartwell, 166 N. Y. 365, 59 N. E. 929. In Pierson v. People, 79 N. Y. 433, 35 Am. Rep. 524, the court said:

"The office of construction is to get a meaning out of the language used, if possible. If the words used are clear and unmistakable in their meaning, and their force cannot be limited by a consideration of the whole scope of the statute or the manifest purpose of the Legislature, they must have full effect. But in endeavoring to understand the meaning of words used, much aid is received from a consideration of the mischief to be remedied or object to be gained by the statute. By such consideration, words otherwise far-reaching in their scope may be limited. Statutes are always to be so construed, if they can be, that they may have reasonable effect, agreeably to the intent of the Legislature; and it is always to be presumed that the Legislature has intended the most reasonable and beneficial construction of its acts. Such construction of a statute should be adopted as appears most reasonable and best suited to accomplish the objects of the statute; and where any particular construction would lead to an absurd consequence, it will be presumed that some exception or qualification was intended by the Legislature to avoid such consequence. A construction which will be necessarily productive of practical inconvenience to the community is to be rejected, unless the language of the lawgiver is so plain as not to admit of a different construction." Potter's Dwarris, Stat. 202.

Tested by the canon of construction, it seems to me that the plain intent of the Legislature was not to limit the power of the court to discharge a jury before the case is submitted to them, as prescribed in sections 400 to 416 of the Code of Criminal Procedure, but that all of the sections contained in chapter 1 and chapter 2, relating to the discharge of a jury, should be read together, with a view of giving reasonable effect to the intent of the Legislature in vesting our courts with power to discharge a jury for sufficient cause. When all of the sections relating to the court's power to discharge a jury are read together, it is clear that the court has power, under section 430, to discharge a jury by reason of an accident or other cause, which means sufficient cause, at any time before the rendition of a verdict. To adopt any other construction would result in a condition of affairs never contemplated by the Legislature. As illustrative of this, section 428 of the Code, which is also contained in chapter 2, among other things, provides as follows:

"After the jury have retired to consider of their verdict, they can be discharged before they shall have agreed thereon only in the following cases: Upon the occurrence of some injury or casualty affecting the defendant, the jury or some one of them, or the court."

According to the counsel's claim, because subdivision 1 of section 428 is found in chapter 2, a court would be powerless to discharge a jury, if, during the trial, a defendant became sick or insane; or the

court became ill, so as to incapacitate him to conduct the trial; or a juror absented himself, and, after diligent effort, his attendance could not be secured; or for some other injury or casualty affecting the defendant, a juror, or the court. Under the common law, the court was authorized to discharge a jury for any of the causes herein enumerated, if it occurred before the jury had retired to consider the charge, and the Code provisions (sections 428–430) have not curtailed or restricted the court's power to discharge a jury for sufficient cause, occurring either during the progress of the trial or before the rendition of a verdict; and, where a jury is discharged under such circumstances, a plea of former jeopardy cannot be sustained.

In People v. Smith, 172 N. Y. 227, 64 N. E. 814, the court said:

"It has long been a part of our established jurisprudence that where a trial, before a verdict is rendered, is terminated by an order of the court, either on account of the illness of a juror or for any other sufficient cause, a new jury may be impaneled and the indictment tried, and a former partial trial thus terminated constitutes neither a conviction nor an acquittal."

In People v. Neff, 122 App. Div. 136, 106 N. Y. Supp. 747, where a jury was impaneled and sworn in a prosecution upon a charge of grand larceny, and the defendant's attorney objected to the jurisdiction of the court because an order changing the place of trial had not been entered in the clerk's office, as required by sections 351 and 353 of the Code of Criminal Procedure, the court ordered the discharge of the jury, and a new jury was impaneled and sworn, and the appellate court held that, under such circumstances, the proceedings before the first jury were not an independent trial, and that on the discharge of the jury the defendant could not claim that he had been twice put in jeopardy for the same offense; the court saying:

"Neither do we think that what was done before the first jury was an independent trial, so that by discharging the jury it exonerated the defendant from further prosecution and trial, under the provision of the Constitution that no person shall be subjected to be twice put in jeopardy for the same offense (Const. N. Y. art. 1, § 6), as contended by the defendant. There was but one trial. The jury was discharged for the reasons which have been stated, and we think, even if the case had gone over the term, as was requested by counsel for the defendant, it would not have prevented another trial. Code Cr. Proc. § 430; People v. Cignarale, 110 N. Y. 23, 17 N. E. 135; People v. Smith, 172 N. Y. 210, 64 N. E. 814."

Thus it will be seen that the court, in citing section 430 of the Code of Criminal Procedure, acted under that section in discharging the jury for sufficient cause.

The defendant also claims that the consent of the defendant did not empower the court to discharge the jury. This contention, therefore, brings up the doctrine of waiver, and under what circumstances a prisoner may waive a constitutional provision intended for his benefit. In Pierson v. People, supra, the court said:

"A prisoner may waive a trial by jury and plead guilty; he may waive a plea of autrefois acquit by not interposing it or withdrawing it; he may waive or withdraw a challenge to a juror; he could waive his right to have a challenge of a juror for favor tried by triers, and consent that it be tried by the court; he may waive objections to improper or incompetent evidence; in a Court of Special Sessions he may waive a trial by jury and be tried by the court; he may waive a challenge to the array of jurors by a challenge to the

polls; he could consent to the separation of the jury during the trial, when such separation, without such consent, would be ground of error. A man cannot legally be indicted and tried as accessory to a felony until the principal be convicted; and yet, if he go to trial, without insisting on the objection, he is held to have waived it. People v. McKay, 18 Johns. 212; People v. Mather, 4 Wend. 229, 245, 246, 21 Am. Dec. 122; People v. Rathbun, 21 Wend. 509, 542; Stephens v. People, 19 N. Y. 549, 563; Gardiner v. People, 6 Parker, Cr. R. 155. In People v. Rathbun, Cowen, J., said: 'The prisoner may even waive his right to a trial at the hands of a jury on the merits, by pleading guilty. Having this power, no one will pretend that he cannot consent to anything less. He may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court.'"

It is well established, in many well-considered cases outside of this jurisdiction, that if, during a trial, a jury is discharged with the defendant's consent, his consent is an implied waiver of any objection to being tried anew, and, likewise, where a jury is discharged at the instance of the defendant, the state may further prosecute him. In the Case of the Kinlocks, Foster, 31, Sir M. Foster said:

"And now I will state what I take to be the present question; and that is whether in a capital case, where the prisoner may make his full defense by counsel, the court may not discharge the jury upon the motion of the prisoner's counsel, and at his own request, and with the consent of the Attorney General, before evidence given, in order to let the prisoner into a defense, which in the opinion of the court he could not otherwise have been let into. And I am clearly of the opinion that a jury may in such a case be discharged; and that the discharging of the jury, under these circumstances, will not operate so as to discharge the prisoner from any future trial for the same offense."

In Lancton v. State, 14 Ga. 426, the court said:

"It is admitted that a jury, sworn in a capital case, may be discharged before verdict, by consent, or from pressing necessity, and the prisoner again tried. This may be well admitted; for the rule is now established upon a very solid basis of precedent and reason. With much pains and research, this court, in the case of Reynolds v. State, 3 Kelly, 59, has reviewed this subject, and settled this rule for our state."

In Stewart v. State, 15 Ohio St. 155, the court said:

"But there is no doubt that the jury might have been discharged at the defendant's instance, or by his consent, without affecting the right of further prosecution on behalf of the state. * * * And the more modern cases, both in England and the United States, on this subject, uniformly affirm or concede this right of discharging a jury by consent."

In Morgan v. State, 3 Sneed (Tenn.) 475, it was held, where a jury in a case of felony, being unable to agree upon a verdict, were discharged without objection of the prisoner, whereupon the case was continued by consent, and at a subsequent term the prisoner was tried and convicted without exception to discharge of said jury, he could not take advantage of such irregularity, if there were any, upon appeal to the Supreme Court, but must be held to have waived it.

In McFall v. People, 18 Hun, 382, the plaintiff in error was convicted upon an indictment for the publication of a libel. At the commencement of the trial, the defendant furnished proof of the service of a subpœna upon a witness, who failed to obey the subpœna. An attachment was issued for the witness, and the defendant proceeded with the trial. During the progress of the trial, the sheriff made a return to

the court that he could not find the witness. The defendant then applied to have a juror withdrawn, and that the case be adjourned, which motion was refused by the court, upon the ground that the court had no power or discretion to grant the motion, at the request of the defendant, during the progress of the trial. The court claimed that this was error, and the judgment was reversed.

In Cancemi v. People, 18 N. Y. 128, a case relied upon by counsel for the defendant, twelve jurors were impaneled for the trial, and during the trial the defendant stipulated that one juror might be withdrawn, and that the trial should proceed with eleven jurors. It did so proceed, and the defendant was convicted. It was held that the parties could not by consent alter the substantial constitution of the court; that the state has an interest in the preservation of the liberties and lives of its citizens, and will not allow them to be taken away without due process of law, even by the consent of those accused of crime. That case is not authority for the contention of the defendant's counsel that the defendant could not consent to the withdrawal of a juror under the circumstances that the facts in this case disclose.

The conversation on the part of the foreman of the jury with the complaining witness constituted in law a reception of evidence out of court, which would have entitled the defendant, in the event of his conviction, to have the verdict set aside; and therefore, even if the defendant had not consented to the withdrawal of a juror, the court would have been obliged, for the purpose of protecting the rights of the defendant, to declare a mistrial, since the orderly administration of justice requires in case of felony that the jury should hear the sworn testimony of a witness in the presence of the defendant. No testimony can be taken by the jury, unless the 12 members are present, and the testimony is given in the presence of the defendant. A defendant placed on trial for a criminal offense is entitled, as a matter of right, to have his trial conducted in accordance with the forms and rules prescribed for the due administration of law. These are the plain provisions of the Constitution.

Applying the above reasoning to the present case, it must necessarily follow: First, that the facts herein disclosed fail to show that the defendant was duly acquitted of the charge laid in the indictment, and, there having been no acquittal by the verdict of the jury, the defendant cannot sustain the plea of former jeopardy; second, that, since the jury was discharged upon sufficient cause, and with the defendant's consent, such discharge, by operation of law, does not constitute an acquittal, and therefore, upon that ground, the defendant cannot sustain the plea of former jeopardy.

The motion of the defendant, challenging the jurisdiction of the court to place him on trial a second time, under the same valid indictment, upon the ground that the proceedings of the former trial constituted in law an acquittal, must be denied.

Motion denied.