THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT K. EPTING, Relator, against WESLEY DE VOE, as Acting Sheriff of County of Saratoga, Defendant.

Supreme Court, Special Term, Saratoga County, August 24, 1954.

*Saul Balmuth* and *John J. O'Malley* for relator.

*Carleton J. King, District Attorney* (*James A. O'Connor* of counsel), for defendant.

HUGHES, J.   On the 11th day of January, 1954, an indictment was returned in the Supreme Court of Saratoga County, charging Robert K. Epting, relator herein, with two counts, the first of which was the charge of manslaughter in the second degree, and the second of which was the charge of assault in the second degree.

The indictment was moved to the Saratoga County Court, and on the 23d day of February, 1954, at a regular term of that court, the District Attorney moved the trial of the indictment. A jury was drawn on that day and duly impaneled.

The trial was then recessed until the following day, and at ten o'clock in the forenoon of that day, the District Attorney opened his case on behalf of the People, and counsel for the defendant opened his case in the defendant's behalf.   Charles Lester Scofield was called as the first witness for the prosecution and was examined by the District Attorney.   During the course of this examination, the court stenographer informed the Dis-

trict Attorney that she was ill. Thereupon, the County Judge recessed court and asked the District Attorney, together with his assistant, and the relator's attorney to confer with him in chambers. During this conference, the court was informed that a doctor had been called and that he had examined the stenographer and advised that she was too ill to continue taking the minutes of the trial and that she should go to her home. This, she did. While in his chambers, the County Judge stated that because of his experience in the past in attempting to obtain a stenographer on short notice, it would be impossible for him to obtain one, and that he, therefore, would discharge the jury pursuant to section 430 of the Code of Criminal Procedure.

At the hearing, upon the return of the writ, there was some proof offered that defense counsel suggested a recess in order to obtain other stenographic service. After some discussion, relator's counsel stated that they would not consent to the discharge of the jury nor would they object, but would remain silent. The County Judge thereupon reconvened the court, and in pursuance of section 429 stated for the record his reason for discharging the jury. His statement is, in part, as follows: '' Under the circumstances the Court, believing that there is no prejudice or any harm done to either side by reason of this procedure, under Section 430 of the Code of Criminal Procedure, which states that in all cases where a jury is discharged or prevented from giving a verdict by reason of an accident or other cause except where the defendant is discharged during the progress of the trial, or. after the cause is submitted to them, the cause may be again tried at the same term or another term. Under those circumstances it would be unfair to both the People of the State of New York and the defense to go ahead with this trial by reason of the unfortunate circumstance which has arisen, and the Court being further of the opinion that no one will be harmed and no one prejudiced on the testimony of this witness, which will undoubtedly be heard at some future time, the Court discharges the jury from the consideration of this case.''

Thereupon, the jury was discharged, the case was put over the term and it was directed that it be tried at the next regular term to be held on June 14, 1954.

Admittedly, the County Judge did not, while in recess, attempt to secure the services of another stenographer, but stated that because of his previous experience, one could not be obtained on short notice. This is established by the testimony of the Judge, himself.

The record of the hearing further shows that this occurred on Wednesday, February 24th, and that by the following Monday, March 1st, the County Judge had obtained and appointed another stenographer for the remainder of the business of the court until the conclusion of the term about one week later. Two business days had elapsed between the time of the discharge of the jury and the reconvening of court.

On June 10, 1954, the defendant relator obtained a writ of habeas corpus, returnable the same day, in which he challenged the legality of his confinement to the Saratoga County jail, awaiting trial on the indictment, as heretofore stated. In his petition, he states that he is unlawfully imprisoned for the following reasons:

"(a) That he has been once before tried by a court of competent jurisdiction, to wit: on the 23rd day of February, 1954 before the Saratoga County Court and a jury.

"(b) That he has been acquitted of said charges by reason of the facts stated above."

The return of the Sheriff sets forth that the petitioner is held by virtue of a bench warrant issued by the District Attorney of Saratoga County on the indictment above referred to, which warrant is dated January 12, 1954. The defendant was produced in pursuance of said writ and the court directed that proof be taken July 20, 1954, in the Supreme Court in and for Saratoga County at the court house in Ballston Spa, New York.

A hearing was duly had on the appointed day. It is the contention of the petitioner that by reason of the trial which came to a sudden end, that he was thus placed in jeopardy and that he cannot be brought again to trial on the same indictment. He further contends that the discharge of the jury was without sufficient cause and without his consent and that it amounted to an acquittal, and, therefore, he is entitled to be released and discharged.

It is the contention of the People that the declaration of a mistrial and a discharge of the jury was a proper exercise of the court's discretion under section 430 of the Code of Criminal Procedure. Prior to the adoption of the Code of Criminal Procedure, it was the settled rule in this State that the discharge of a jury in all cases rests in the sound discretion of the trial court. (*People ex rel. Stabile* v. *Warden of City Prison of City of N. Y.*, 202 N. Y. 138.)

See, also, *People* v. *Fishman* (64 Misc. 256). At page 263, the court stated the rule as follows: "Under the common law, the court was authorized to discharge a jury for any of the causes

herein enumerated, if it occurred before the jury had retired to consider the charge, and the Code provisions (§§ 428–430) have not curtailed or restricted the court's power to discharge a jury for sufficient cause, occurring either during the progress of the trial or before the rendition of a verdict; and, where a jury is discharged under such circumstances, a plea of former jeopardy cannot be sustained.''

Section 428 of the Code of Criminal Procedure authorizes the court to discharge the jury under the following enumerated circumstances:

'' § 428. *When jury to be discharged before agreement.*

'' After the jury have retired to consider of their verdict, they can be discharged before they shall have agreed thereon only in the following cases:

'' 1. Upon the occurrence of some injury or casualty affecting the defendant, the jury or some one of them, or the court, rendering it inexpedient to keep them longer together; or

'' 2. When after the lapse of such time as shall seem reasonable to the court, they shall declare themselves unable to agree upon a verdict; or

''3. When with the leave of the court, the public prosecutor and the counsel for the defendant consent to such a discharge.''

Section 430 of the Code of Criminal Procedure provides as follows:

'' § 430. *When jury discharged or prevented from giving a verdict, cause to be again tried.*

'' In all cases where a jury are discharged, or prevented from giving a verdict, by reason of an accident or other cause, except where the defendant is discharged from the indictment, during the progress of the trial, or after the cause is submitted to them, the cause may be again tried at the same or another term.''

Section 430 does not limit the power of the court to discharge a jury for a legal and justifiable cause. Under the common law, the court is authorized to discharge a jury for any of the considerations enumerated in sections 428 and 430 of the Code, provided, however, it occurred before the jury had retired to consider the charge. (See *People* v. *Fishman, supra.*)

In discharging a jury, the court cannot act arbitrarily, but must do so with discretion, and when the discretion is abused, the defendant is placed in jeopardy.

There are numerous decisions which hold that where a jury has been impaneled to try a defendant upon an indictment and that where evidence is offered and that the public prosecutor,

without the prisoner's consent, withdraws a juror merely because the prosecutor is unprepared to proceed, that the defendant is thus placed in jeopardy. The same is true where there is no necessity for discharging the jury.

The proper grounds to discharge a jury seem to be in instances where a fellow juror escapes or where the judge or the defendant or a juror becomes ill or by some act of God.

In our own department, Judge HEFFERNAN, in the case of *People ex rel. Wright* v. *Klein* (139 Misc. 353, 357) wrote as follows: " There is no doubt that a trial court may discharge a jury and declare a mistrial where it appears from the facts as shown by the record that it is manifestly necessary to do so in order to attain the ends of justice. This power is to be exercised only in very extraordinary and striking circumstances. (16 C. J. 1096; *People* v. *Barrett*, 2 Caines, 304.) Where a manifest necessity for a discharge of the jury does not exist the court has no power to discharge it without the consent or against the objection of the accused. (16 C. J. 1094.) A discharge without sufficient reason is in law substantially equivalent to an acquittal. (*People ex rel. Brinkman* v. *Barr, supra*; *State* v. *Shuchardt*, 18 Neb. 454.) "

Over a century ago in *People* v. *Goodwin* (18 Johns. 187, 205) Judge SPENCER wrote: " Upon full consideration, I am of opinion, that although the power of discharging a jury is a delicate, and highly important trust, yet, that it does exist in cases of extreme and absolute necessity ".

In *People ex rel. Totalis* v. *Craver* (174 Misc. 325, 328) Judge MURRAY states: " That the trial court possesses the discretion to discharge a jury during the course of a trial cannot be questioned where, in the opinion of that court in the exercise of its inherent judicial discretion, it conscientiously believes that the ends of justice, under the circumstances, would otherwise be defeated. However, to justify the exercise of this power, the occasion for it must be very cogent, or, as some courts have said, there must be an absolute necessity. (38 A. L. R. p. 706.) "

In *People ex rel. Brinkman* v. *Barr* (248 N. Y. 126, 129) the court speaking through Judge ANDREWS, states: " There is no reason why, entitled to freedom, he should be imprisoned, until his case is again moved for trial. And this is so whether the discharge occurred before or after the case is submitted to the jury for decision. True in the one case, upon proper reason, a mistrial may be declared in the sound discretion of the presiding judge; in the other only as permitted by the statute. (Code

Crim. Pro. sec. 428.) But in both unless the discharge is proper, there has been jeopardy. In both there is the equivalent of an acquittal.''

From the authorities, it would thus appear that the trial court in exercising its authority of declaring a mistrial and discharging a jury is highly restricted. As for example, in the case of *People ex rel. Wright* v. *Klein* (139 Misc. 353, *supra*) the terms '' manifestly necessary '' and '' very extraordinary and striking circumstances '' were used.

Again, in the case of *People* v. *Goodwin* (18 Johns. 187, *supra*), the court stated '' in cases of extreme and absolute necessity ''.

In the case of *People ex rel. Totalis* v. *Craver* (174 Misc. 325, *supra*) the court used the expression '' it must be very cogent, or, as some courts have said, there must be an absolute necessity ''.

In *People ex rel. Jimerson* v. *Freiberg* (137 Misc. 314, 318) the court used the terms '' urgent necessity, or dire emergency ''.

A study of the cases impresses this court with the necessity of giving the greatest of thought and due consideration before a mistrial is declared. In the final analysis, if justice is to prevail, the court should be without any course other than that of declaring a mistrial. It would thus seem a temporary set of circumstances which may be remedied should not invoke the court to declare a mistrial. If this were not so, it could open the door for untold schemes of delaying trials. (See *King* v. *People,* 5 Hun 297.) At page 300, the court stated the rule as follows: '' If justice cannot be outwitted, the defendant must be punished; if it can be evaded, the defendant goes at large, presumably innocent, though notoriously guilty.''

It therefore may be generally stated that a trial court should not declare a mistrial and discharge a jury unless under the circumstances there is no other course open to meet the situation. In fact, the circumstances must be such that the court has no control over them and that the only alternative is that of declaring a mistrial and discharging the jury. When mistrials in criminal proceedings are granted out of dire necessity, the question of jeopardy does not arise. Neither counsel nor the court have been able to find a case that is parallel to the instant case, namely, as to the right of the court to discharge a jury in a criminal case because of the illness of the court stenographer or any other court officer. Court stenographers or reporters were unknown to the common law. (82 C. J. S., Stenographers, § 2, p. 1053.)

Section 198 of the Judiciary Law provides for the appointment, renewal and compensation of County Court stenographers. Section 290 of the Judiciary Law provides the following:

" § 290. *Stenographers are officers of court.*

" Each stenographer, specified in this chapter or the civil practice act, surrogate's court act, court of claims act or New York city court act is an officer of the court or courts, for or by which he is appointed."

Section 198 of the Judiciary Law (subd. 6) provides: " 6. When the regular stenographer appointed under this section is ill, absent, on his vacation, or for other good cause unable to act, or in any county where more than one part of said court is being held at one time, the county judge for and during such event or emergency may designate one or more stenographers to act temporarily. Such temporary stenographer or stenographers shall be paid by the county a reasonable compensation certified by the county judge."

Subdivision 7 of the same section provides: " 7. Where the prompt disposition of charges against a person accused of the commission of a crime is deemed necessary or where the ends of justice require, the county judge in any county other than New York, and in the county of New York, a judge of the court of general sessions of the county of New York, presiding at a term of either of said courts, as the case may be, where issues of fact are triable, in his discretion, may employ one or more stenographers in addition to the regularly appointed or assigned stenographer to assist in the taking and transcribing of the minutes of such trial. Such stenographer or stenographers shall be paid by the county a reasonable compensation fixed and certified by the said judge."

In reading sections 295 through 301 of the Judiciary Law, it is evident that the Legislature viewed the duty of a court stenographer as a ministerial task and makes provision for his or her replacement in the event that he or she becomes ill during the course of a trial.

It cannot be said that a court stenographer is a necessity to the jurisdiction of the court. Referring back to the record, it is clear that no attempt was made to secure the services of another stenographer. The illness of a stenographer cannot be likened unto the illness of a judge or a juror. A judge and jury must be present at all times during the conduct of a trial. In some of our courts, during lengthy trials, the minutes are taken by several stenographers who sit at various times during the progress of the trial.

In the case at bar, the court had ample authority to take an adjournment in order to obtain a substitute stenographer. (See Code Crim. Pro., § 54, subd. [b], as well as § 431.)

From the record, it thus appears that the action taken by the County Judge was without proper legal authority and unwarranted. In order to justify this action, this court would have to hold that a jury may be discharged at the convenience of any judge.

Realistically, to discharge a jury without proper legal reasons flaunts the provisions of both our Federal and State Constitutions. (See N. Y. Const., art. I, § 6.) The trial of the case should be continued through to its conclusion and a verdict rendered. The law seems to be well settled that when a jury is arbitrarily discharged in a criminal case without the defendant's consent and where no circumstances existed warranting the declaring of a mistrial and the discharge of a jury, the defendant is, by reason of the trial coming to a sudden end, placed in jeopardy within our constitutional provisions. (See *People ex rel. Stabile* v. *Warden of City Prison of City of N. Y.,* 202 N. Y. 138, *supra,* as well as *People ex rel. Brinkman* v. *Barr,* 248 N. Y. 126, *supra.*)

The writ of habeas corpus is the proper remedy to test the question of whether or not a defendant has been placed in jeopardy by the unwarranted discharge of a jury. (See *People ex rel. Stabile* v. *Warden of City Prison of City of N. Y., supra*; *People ex rel. Brinkman* v. *Barr, supra,* and *People ex rel. Totalis* v. *Craver,* 174 Misc. 325, *supra.*)

The District Attorney has cited many cases upholding the right of the Trial Judge to discharge the jury under proper facts and circumstances. This court has referred to them in this opinion and has no quarrel with the proposition that the illness of a judge, juror or defendant are proper cases for the discharge of a jury. However, this court cannot subscribe to the doctrine that the illness of a stenographer brings the case within the realm of those decisions.

The defendant in the case at bar did not consent to the discharge of the jury. The position was that of silence but not consent. The failure of the accused or his counsel to object to the wrongful discharge of the jury does not preclude the defendant of his plea of jeopardy. (See *People ex rel. Stabile* v. *Warden of City Prison of City of N. Y., supra.*)

The writ of habeas corpus is sustained and the prisoner is discharged.