THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT K. EPTING, Respondent, against WESLEY DE VOE, as Acting Sheriff of County of Saratoga, Appellant.— The People appeal from an order which sustained a writ of habeas corpus and discharged the respondent on the ground that the Trial Judge had exceeded his authority in discharging the jury and granting a mistrial during the trial, and that therefore the defendant could not be again put in jeopardy by retrial. The facts are simple and without substantial dispute. The defendant was indicted in one indictment containing two counts, the first charging manslaughter in the second degree, and the second for assault in the second degree. The trial started in County Court on February 23, 1954, with the defendant represented by counsel and a trial associate. The first day was consumed drawing a jury. The court convened at 10:00 o'clock the next day. After openings of counsel, one witness was called for the People, and during her direct examination, the court stenographer became suddenly ill, and a recess was taken. During the recess a discussion was had in chambers, with all attorneys present, concerning the applicable law in such a situation. During the recess a doctor who had examined the stenographer reported that she was very seriously ill, and would be unable to continue for a substantial period of time. The Judge advised the parties at this conference of his previous experience in being unable to get a substitute stenographer, locally, or from the Albany pool, or from Supreme Court on short notice, and he indicated his intention to discharge the jury. The respondent's counsel did not object or consent, but expressly stated that he would remain silent. When he later attempted to object after the jury had been discharged, the Judge indicated that his decision would have been different had an objection been made. Section 430 of the Code of Criminal Procedure provides: " § 430. *When jury discharged or prevented from giving a verdict, cause to be again tried.* In all cases where a jury are discharged, or prevented from giving a verdict, by reason of an accident or other cause, except where the defendant is discharged from the indictment, during the progress of the trial, or after the cause is submitted to them, the cause may be again tried at the same or another term." The Trial Judge was confronted with an emergency situation which he did not cause, and which prevented a continuation of the trial. Even the possibility of numerous or lengthy adjournments was worthy of consideration. The

Judge's experience probably qualified him better than anyone else involved to decide the difficulties of getting immediately a qualified court stenographer in upstate counties. Moreover, he had a right to take into consideration the fact that there was no assurance that a transcript of testimony already in the case could be obtained. He exercised his judgment on matters which were within his discretion. The defendant had revealed no part of his defense, and was prejudiced in no way. Order reversed, the writ dismissed, and the relator remanded to the custody of the Saratoga County Sheriff. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [206 Misc. 278.]