■ In the Matter of WILLIAM CLUKEY, Petitioner, v PENELOPE CLUTE, as District Attorney of Clinton County, et al., Respondents. [667 NYS2d 825] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from retrying petitioner in the County Court of Clinton County on an indictment charging him with sodomy in the first degree (three counts), sexual abuse in the first degree (three counts) and endangering the welfare of a child.

Petitioner contends that his retrial is barred upon principles of double jeopardy because County Court abused its discretion in granting the prosecution's motion for a mistrial in the absence of "manifest necessity" therefor.

Petitioner's jury trial commenced on September 17, 1997 and continued through September 18, 1997 with jury selection, opening statements and the testimony of one witness completed when County Court recessed until Monday, September 22, 1997. The court reporter assigned to the trial, and who recorded the proceedings of September 17 and 18, 1997, was Jeffrey Glanda. On Friday, September 19, 1997, it was learned that, earlier in the day, Glanda had been critically injured in an automobile accident resulting from a high-speed chase with State Police incident to his arrest for murder in the second degree. He was also charged with the attempted murder of a police officer. As a result, Glanda's home and office in the courthouse were sealed by police as crime scenes.

Based upon these developments, County Court met with the prosecutor and counsel for petitioner on Friday, September 19, 1997 to discuss available options in view of the fact that Glanda would not be returning to work. It was determined that Glanda's method of recording was not computerized and that he had a personalized keystroke, making it impossible for other court reporters to transcribe his recordings. Additionally, his notes of the trial were located in either his home or office, both of which were still under police seal as of September 22, 1997. The options considered by County Court included proceeding with the trial with a different court reporter and recalling the first witness to testify anew. The problem presented by this alternative, however, was that a transcript of the witness's earlier testimony would not be available should the jury request it, and that a record of jury selection and other proceedings taken by Glanda would in no event be available for a record on appeal, if necessary.

The record amply supports County Court's conclusion that "manifest necessity" required granting the prosecution's motion for a mistrial. The precipitating events were unforeseeable and certainly beyond the control of the parties or the court. Far from abusing its discretion, County Court scrupulously considered all feasible alternatives and articulated its sound reasons for rejecting them (*see, Matter of Plummer v Rothwax*, 63 NY2d 243; *Hall v Potoker*, 49 NY2d 501; *People ex rel. Epting v De Voe*, 284 App Div 1092, 1092-1093, *affd* 309 NY 818). Moreover, the court noted the absence of any demonstrable prejudice to petitioner. The facts of this case are wholly unlike

those in which a mistrial was granted due to the unavailability of critical prosecution evidence or was occasioned by misconduct of a party, counsel or jurors (*see, e.g., Matter of Enright v Siedlecki*, 59 NY2d 195).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.