## PEOPLE v. DE PUY.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

CRIMINAL LAW—REMOVAL OF CAUSE.

> Under Code Cr. Proc. § 22 (6), conferring jurisdiction on the Supreme Court to send to the County Court for trial any indictment found in the Supreme Court and section 22 (4), providing that the Supreme Court has jurisdiction to try any indictment found in a County Court which has been sent by the County Court to "and received by the Supreme Court," if in the opinion of that court it is proper to be tried therein, and section 41, providing that a County Court may send an indictment pending therein to the Supreme Court, to be determined according to the law, and, if such indictment is "remitted back without trial" by the Supreme Court, the County Court may proceed thereon, the Supreme Court has jurisdiction to a second time send to the County Court for trial an indictment which the County Court transferred to it when the Supreme Court first sent it to the County Court.

Appeal from Trial Term, Orange County.

Wilber F. De Puy was indicted, and from an order of the Supreme Court removing the cause to the County Court for trial, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Henry Bacon (C. L. Waring, on the brief), for appellant.

A. H. F. Seeger, Dist. Atty., for respondents.

HIRSCHBERG, P. J.   The defendant was indicted on the 16th day of January, 1906, for the crime of fraudulently presenting a false claim to a public board for audit, allowance, and payment.   The indictment was found in the Supreme Court in the county of Orange, and was transferred to the County Court for trial in the usual manner. The defendant was arraigned on the 15th day of February, 1906, in the County Court, and pleaded not guilty, and on motion of his counsel the cause was transferred to the Supreme Court for trial.   At a term of the Supreme Court held in the county of Orange on the 4th day of June, 1906, the district attorney moved the cause for trial, and after hearing the district attorney and counsel for the defendant on the motion, the motion was denied, and an order entered removing the cause to the County Court of Orange county for trial.

The appellant claims that the order removing the cause to the County Court for trial was without authority.   He claims that, the case having been once sent by the County Court to the Supreme Court, the latter court had no authority or jurisdiction except to try the case.   The claim is untenable.   By subdivision 6 of section 22 of the Code of Criminal Procedure, jurisdiction is expressly conferred upon the Supreme Court to send to the County Court for trial any indictment found in the Supreme Court for a crime triable at the County Court.   This power existed under the Revised Statutes, and is continued under the present procedure.   Code Cr. Proc. §§ 39, 41; People v. Bradner, 107 N. Y. 1, 5, 13 N. E. 87.   The power thus conferred authorized the original order of the Supreme Court made herein at the time the indictment was found, and also authorized the order ap-

pealed from, unless the Supreme Court was compellable to try the case on its transfer from the County Court. I was inclined on the argument to think that the Supreme Court is so compellable, but reflection has changed my mind. By subdivision 4 of section 22 of the Code of Criminal Procedure it is provided that the Supreme Court has jurisdiction—

"To try any indictment found in any County Court, or the Court of General Sessions of the City and County of New York, which has been sent by order of the County Court or General Sessions to and received of the Supreme Court, or which has been removed from any court into the Supreme Court, if, in the opinion of that court, it is proper to be tried therein."

The plain meaning of this section is that the Supreme Court is to be the ultimate judge of whether or not the case so removed should be tried in that court. It is not sufficient that the case shall be sent from the inferior court. It must be received, also, by the Supreme Court. This does not relate to the mere formal receipt of the order of the lower court, but implies an acceptance of the case and a determination to try it; and the concluding paragraphs of the subdivision, to the effect that the trial shall be had in the Supreme Court only if in the opinion of that court it is proper that the case should be tried therein, relate, I think, to the entire subdivision, and consequently include a case removed from the County Court to the Supreme Court.

The view herein expressed is confirmed by the language of section 41 of the Code of Criminal Procedure. That section provides that:

"A County Court may send an indictment pending therein to the Supreme Court, to be determined according to law, and if such indictment is remitted back without trial by the Supreme Court, the County Court may proceed thereon."

This language is explicit in the suggestion that the Supreme Court in a case similar to the one at bar is at liberty, if it deems it improper to try the case, to remit it back to the County Court without trial. It is quite obvious that a system of criminal procedure would be defective which should vest in the distinctly criminal courts, or in courts whose practical operations are chiefly concerned with criminal trials, the absolute and unquestioned power of remitting their cases to the Supreme Court for trial.

The order should be affirmed, without costs. All concur.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

