### PEOPLE v. GROUT.

(Supreme Court, Special Term, Kings County. November 11, 1914.)

CRIMINAL LAW ☞101—TRANSFER OF CAUSE—POWERS OF SUPREME COURT

Where the district attorney has publicly charged the Supreme Court with partiality to defendant in a criminal prosecution about to be tried, and on the argument of a motion to quash the indictment or to try it immediately has stated that he had applied to the Governor for the designation of a justice residing in another part of the state to try the case, the Supreme Court will remit the indictment back to the County Court without trial, in the exercise of its discretion, and pursuant to the power given by Code Cr. Proc. § 22, giving the Supreme Court jurisdiction to send an indictment triable by the County Court to such court, and section 41, providing that, if an indictment pending in the County Court is remitted back by the Supreme Court without trial, the County Court may proceed thereon.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 199–205; Dec. Dig. ☞101.]

Edward M. Grout was indicted for an offense. On two motions, one to deem an indictment to be superseded by a second indictment,

and the other to bring such second indictment to trial immediately or to dismiss it. Indictment remanded to County Court for trial.

Appeal dismissed 166 App. Div. 220, 151 N. Y. Supp. 322.

Two motions made by the defendant, Edward M. Grout, came on to be heard at the Special Term for Contested Motions on November 10, 1914. The defendant moved that the first indictment found against him and returned to the County Court of Kings County on October 11, 1911, be deemed to be superseded by the second indictment found against him on December 29, 1913, and that the second indictment either be brought to trial immediately or be quashed. Both motions were argued by counsel for the defendant, and opposed by the district attorney. The court directed both counsel to attend before him on November 11, 1914, at the opening of the court and then read his decision.

James C. Cropsey, Dist. Atty., of Brooklyn, for the People.
Stephen C. Baldwin, of Brooklyn, for defendant.

BENEDICT, J. The two motions which were argued at the bar of this court yesterday on behalf of the defendant Edward M. Grout, the first to deem the first indictment superseded by the second indictment, and the second motion to dismiss the second indictment unless the same be set down for trial and tried forthwith, are severally denied at this time.

Mr. District Attorney: I hold in my hand copies of two local newspapers which contain extracts of some remarks purporting to have been made by you on October 22, 1914, at a public function in this borough at which you were a guest. It is apparent that these remarks were intended by you to apply to the case at bar, although you do not specify this case by name. Ordinarily the justices of the court suffer to pass in silence popular criticism of their official acts, relying upon the American spirit of fairness to recognize and resent unjustifiable attacks upon their courts, and to appreciate the fact that the justices are honestly striving to the utmost of their ability to serve the people who have elevated them to the high office which they occupy.

We know that, whatever may have been the theory of an earlier age and of courts created by and solely responsible to a despotic sovereignty which used them to oppress the people, our courts are merely instrumentalities created by the people themselves for their own protection. We know that there is nothing sacred about the courts or the judges which entitles them to exemption from criticism for their judicial acts or personal misconduct, and when these in any given instance become intolerable, the people have in their Constitution reserved the power of removal of the unfaithful judge for any cause which the Legislature by a two-thirds vote shall deem sufficient.

But the justices of this court are at least entitled to the same measure of protection against false and malicious aspersions upon their integrity as the law affords to any other citizen of the state. Is it too much to expect that the members of the bar will refrain from slandering the court? Can the court retain either the respect of the

people or its own self-respect if it permit willfully false statements as to the integrity of its members to pass unnoticed?

You, sir, the holder of the most responsible office, outside of the court itself, connected with the administration of criminal law in this county, and a prominent member of the bar of this court, have seen fit to make a public attack upon the judicial integrity of every member of this court in this district. This attack was not made under the excitement of a trial, in the zeal of advocacy, or in the disappointment of defeat, for any of which conditions allowance is always to be made. It manifests no motive more worthy than that which would arise from demagogic intemperance. As a member of this court, I feel reluctantly compelled to take notice of your attack upon the court, and to rebuke you openly for your speech, for which I regret to say no apology nor retraction has been made.

In substance, you charge that in this case the people of the state, whom you, as the prosecuting officer of Kings county, represent, cannot expect to obtain an impartial or fair trial of the indictments against this defendant before any of the justices of this court in this district because of the personal friendship which you charge exists between him and the justices. You stated upon the argument of these motions that you had applied to the Governor of the state to designate a justice residing in some other part of the state to preside at the trial of this defendant, and, from what you have said publicly, the only inference to be drawn from that request is that you made it on account of these supposed relations. This indicates very clearly that you have no just conception of the obligations imposed by their oath of office upon the justices of this court. I venture to say, however, that you know as well as I do that there is not one of the members of this court who would favor this defendant as against the state, or favor the state as against this defendant upon his trial. Speaking for myself, I have no acquaintance with this defendant, and have had no friendly nor social relations with him of any kind—certainly not such as I have had with you—and doubtless the same is true of other members of the court; but it would make no difference, were it otherwise, because, while it is of no personal consequence to us how this or any other trial may result, it is of supreme and vital moment that in every case we administer even-handed justice.

If the defendant be in fact guilty, you are greatly to be blamed for not having brought him to the bar of justice within the three years which have almost expired since you entered upon your office. If he be innocent you are using the powers of your great office oppressively in keeping him under indictments which you might long since have brought, but have not seen fit to bring, to trial. In either case, it is of the essence of injustice to delay his trial.

The Appellate Division has appointed many terms of this court for the trial of criminal causes during the past three years since the finding of the first indictment, and during the year which has almost elapsed since the finding of the second, at any one of which you were at liberty to move the trial of this defendant. Instead, however, you have moved the trial of many bail cases of minor importance, which should have been disposed of in the County Court of this county.

While we know that a trial, fair and impartial to both the people and this defendant, can be had in our Supreme Court, yet, as you have asserted the contrary, it will be more proper to try these indictments in another court, and if the defendant be there acquitted you will not be able to assert that such acquittal was due to any influence such as you have falsely charged may be exerted in the Supreme Court.

The County Court in which the indictments were originally found remains open to you, and under the circumstances created by your own improper speech the indictments should be tried in that court, rather than in this. In People v. De Puy, 115 App. Div. 564, 101 N. Y. Supp. 81, the Appellate Division in this department held that the Supreme Court is the ultimate judge of whether a case removed from the County Court should be tried by the Supreme Court, or be sent back to the County Court, and that if such indictment be *remitted back without trial* by the Supreme Court the County Court may proceed thereon.

To that court, therefore, I now, in the exercise of discretion, remit these two indictments against the defendant, Edward M. Grout, for trial, and deny these two motions made by the defendant, without prejudice to their renewal upon the same or further papers in the County Court. I do this for the reasons which I have stated, and pursuant to the power vested in this court by sections 22 and 41 of the Code of Criminal Procedure, and I direct that an order to that effect and reciting the reasons for this act be entered upon the minutes of this court.