The People of the State of New York ex rel. Israel
    Brinkman, Appellant, v. Robert Barr, as Warden of
    the City Prison, Respondent.

Habeas corpus — mistrial — jeopardy — courts — habeas cor-
pus proper to test question whether defendant has been
placed in jeopardy by improper discharge of jury — court may
refuse writ in its discretion — mistrial of criminal case, in case
of death or illness of judge, may be declared by another judge
of same court — habeas corpus properly dismissed.

1. The writ of habeas corpus may be properly used to test the
question whether the defendant has once been placed in jeopardy by
the improper discharge of a jury, either before or after the case has
been submitted to them for decision.

2. Whether it shall be asked for is at the option of the defendant.
The court, however, may refuse to grant the writ in the exercise of
its discretion.

3. Where a judge dies, or is too ill to appear in court, a mistrial of
criminal cases pending before him may be declared by another judge
of the same court.

4. A writ of habeas corpus, therefore, is properly dismissed, and relator properly remanded to custody, where, dur'ng his trial, the presiding judge became ill and a week later, the illness continuing, at his request another judge of the same court declared a mistrial.

*People ex rel. Brinkman* v. *Barr,* 222 App. Div. 729, affirmed.

(Argued April 2, 1928; decided May 1, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 9, 1927, which unanimously affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relator to custody.

*Thomas G. Prioleau, Leonard A. Snitkin* and *Leo H. Klugherz* for appellant. Habeas corpus was the proper means in this case to test the question, and is the only remedy available. (*People* v. *Smith,* 172 N. Y. 210; *People* v. *Scannell,* 73 N. Y. Supp. 1067; *Matter of Nielson,* 131 U. S. 176; *Matter of Spier,* 1 Devereaux [N. C.], 491; *People* v. *Cuatt,* 126 N. Y. Supp. 1114; *People* v. *Olcott,* 2 Johns. Cas. 301; *People* v. *Cignarale,* 110 N. Y. 23; *People* v. *Benjamin,* 2 Park. 201; *People ex rel. Hunt* v. *Markell,* 50 N. Y. Supp. 766.) The defendant was placed in jeopardy, and, therefore, cannot again be tried for the same offense. (*King* v. *People,* 5 Hun, 297; *McKenzie* v. *State,* 26 Ark. 334; *People* v. *Cage,* 48 Cal. 323; *Whitmore* v. *State,* 43 Ark. 271; *State* v. *Paterno,* 43 La. Ann. 514; *State* v. *Sommers,* 60 Minn. 90; *Helm* v. *State,* 66 Miss. 537; *Alexander* v. *Commonwealth,* 105 Penn. St. 1.) The improper discharge of a trial jury is tantamount to an acquittal and discharges the defendant. (*People ex rel. Stabile* v. *Warden,* 202 N. Y. 138; *Howes* v. *State,* 7 South. Rep. 310; *Bell* v. *State,* 44 Ala. 393; *McCauley* v. *State,* 26 Ala. 135; *Grant* v. *People,* 4 Park. Cr. Rep. [N. Y.] 527; *State* v. *Wamire,* 16 Ind. 357; *Wright* v. *State,* 5 Ind. 290; *Miller* v. *State,* 8 Ind. 325; *State* v. *Callendine,* 8 Iowa, 288; *People* v. *Jones,* 48 Mich. 554.) The improper dis-

charge of the jury during the temporary absence of the trial judge, over the objection of the defendant, was unwarranted, arbitrary and unlawful. (*People ex rel. Jerome* v. *General Sessions,* 185 N. Y. 504; *People* v. *Glenn,* 173 N. Y. 395; *People* v. *Sullivan,* 115 N. Y. 188; *People ex rel. Herbert* v. *Hanley,* 142 App. Div. 421; *People* v. *Montlake,* 184 App. Div. 578; *State* v. *Nelson,* 19 R. I. 467; *State* v. *Mc Kee,* 1 Bail. L. 651; *Nixon* v. *State,* 55 Ala. 129; *State* v. *Allen,* 46 Conn. 531; *Doles* v. *State,* 97 Ind. 555; *State* v. *Ulrich,* 110 Mo. 350; *People* v. *Cage,* 48 Cal. 323; *State* v. *Smith,* 44 Kan. 75.)

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *James Garrett Wallace* of counsel), for respondent. The writ does not lie. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People ex rel. Frey* v. *Warden,* 100 N. Y. 20; *People ex rel. Danziger* v. *House of Mercy,* 128 N. Y. 180; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; *People ex rel. Hubert* v. *Kaiser,* 150 App. Div. 541; 206 N. Y. 46; *People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96; *People ex rel. Childs* v. *Knott,* 187 App. Div. 604; 228 N. Y. 608; *People ex rel. Bailey* v. *McCann,* 222 App. Div. 465; *People* v. *Montlake,* 184 App. Div. 578; *People ex rel. Stabile* v. *Warden,* 139 App. Div. 488; 202 N. Y. 138.) The claim of former jeopardy is untenable. (*People ex rel. Stabile* v. *Warden,* 202 N. Y. 138; *People ex rel. Bullock* v. *Hayes,* 166 App. Div. 507; 215 N. Y. 172; *People* v. *Goldfarb,* 152 App. Div. 870; 213 N. Y. 664; *People* v. *King,* 5 Hun, 297; Cooley's Const. Lim. [8th ed.] 686, 691; Wharton's Crim. Pro. [10th ed.] § 1145; Bishop's Crim. Law [9th ed.] §§ 1032, 1035; 1 Co. Inst. 227b; 3 Inst. 110; *People* v. *Olcott,* 2 Johns. Cas. 301; *People* v. *Sheldon,* 156 N. Y. 268; *People* v. *Barrett,* 2 Caines, 304; *People* v. *Goodwin,* 18 Johns. 187; *People* v. *Neff,* 122 App. Div. 135; 191 N. Y. 210; *People ex rel. Herbert* v. *Hanley,* 142 App. Div. 421; *People* v. *Montlake,* 184 App. Div. 578; *People* v. *Fishman,* 64 Misc. Rep. 256.)

ANDREWS, J.   Where the defendant, charged with crime, has once been placed in jeopardy, he may not again be tried for the same offense.   Of his right to this defense upon his second trial he may not be deprived. (*People* v. *McGrath,* 202 N. Y. 445.)   Even, if he may not always bring up the matter by a plea (Code Crim. Pro. sec. 332) an objection on the record, or a proper motion which raises the issue is sufficient.

If it appears that his trial having once begun, the jury has been improperly discharged before rendering their verdict, the defendant has been put in jeopardy. Under such circumstances there is in effect an acquittal. " If there is no authority to again place the defendant upon trial upon the indictment, there is no right to restrain him of his liberty." (*People ex rel. Stabile* v. *Warden, etc.,* 202 N. Y. 138.)   If thereafter the defendant is unlawfully in custody with no right to appeal from the mandate under which he is confined, he may, if he so chooses, seek a remedy by means of the writ of habeas corpus.   There is no reason why, entitled to freedom, he should be imprisoned, until his case is again moved for trial.   And this is so whether the discharge occurred before or after the case is submitted to the jury for decision. True in the one case, upon proper reason, a mistrial may be declared in the sound discretion of the presiding judge; in the other only as permitted by the statute.   (Code Crim. Pro. sec. 428.)   But in both unless the discharge is proper, there has been jeopardy.   In both there is the equivalent of an acquittal.   We see no ground for the distinction made in *People* v. *Montlake* (184 App. Div. 578).   *People ex rel. Bullock* v. *Hayes* (215 N. Y. 172) indicates a more liberal rule.   If the uncontradicted facts show that the defendant is entitled to be released as a matter of law, then the writ may be granted.   Such was the *Stabile* case.   But they may not.   There may be question as to the facts.   The defendant's rights may

be properly protected by a motion on the second trial. Other reasons may exist. The writ is an alternative remedy and in the exercise of discretion may be refused.

In the case at bar we are relieved of certain of these considerations. The trial of the defendant began before Judge Nott presiding over the Court of General Sessions. Before it was finished Judge Nott fell ill. Because of this fact various adjournments were had. Finally on Monday, January 24, Judge Rosalsky was presiding. It was announced that the illness continued and that Judge Nott might or might not be able to return a week later. Thereupon a mistrial was declared, it being stated that it was done at Judge Nott's request. It was also said that if the defendant so desired witnesses would be called to prove the illness. This offer was not accepted. The defendant did not dispute the fact as stated.

Concededly if Judge Nott had appeared in person and ordered a mistrial under the circumstances his act would have been unobjectionable. It is said, however, that Judge Rosalsky had no authority to act in his place. We hold otherwise. It would be intolerable that where a judge dies or is too ill to appear in court a mistrial of criminal cases pending before him may not be declared by another judge of the same court.

If this be so, upon the uncontradicted facts the relator was not entitled to be discharged, although he had the right to test the question by habeas corpus. The order appealed from should be affirmed.

Cardozo, Ch. J., Pound, Crane, Lehman, Kellogg and O'Brien, JJ., concur.

Order affirmed.