THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNA MAY WRIGHT, Relator, *v.* EDWARD KLEIN, as Sheriff of Schenectady County, Respondent.

Supreme Court, Schenectady County, March 4, 1931.

*Mitchell A. Kehn,* for the relator.

*Roy W. Peters,* District Attorney [*J. W. Collamer, Assistant District Attorney*], for the respondent.

HEFFERNAN, J. The relator was indicted by a grand jury of the county of Schenectady at a Trial Term of the Supreme Court on the 30th day of January, 1931, for the crime of assault in the second degree. Thereafter she was duly arraigned before Mr. Justice CRAPSER who presided at that term. The record shows that she pleaded not guilty to the charge and an order was thereupon made by the court sending the indictment to the County Court for trial. On February 17, 1931, relator was brought to trial on the indictment in the latter court. After the selection of a jury and at the conclusion of the direct examination of the complainant the county judge interrupted the proceedings and made the following extraordinary statement: " The court: It has just been brought to my attention that this defendant on the 31st day of January, 1931, was arraigned in the Supreme Court, Schenectady County, and with the permission of the District Attorney was allowed to enter a plea of guilty to assault in the third degree, to which charge this defendant entered a plea of guilty, and thereupon sentenced to the New York State Prison for women at Auburn for ten months, and was then removed to the Schenectady County jail.

" That shortly thereafter, after a talk between counsel for the

defendant and the court, this defendant was brought back into the court room and was permitted to withdraw her plea of guilty to assault in the third degree, and to plead not guilty to the indictment. This I claim the Court had no power to do. I shall now remand the defendant back to the Supreme Court for sentence under the plea of guilty which was entered on January 31, 1931.

" The minutes of the clerk do not show what transpired on the 31st day of January, 1931. The stenographer's minutes of Miss Lane, an employee of the County Clerk's Office, who was present, do show what transpired at that time, but the minutes of the clerk do not show it for the reason that the Court at that time directed and instructed the clerk to disregard what had taken place."

The county judge thereupon granted the motion of the prosecution to withdraw a juror against the objection of relator's counsel. The jury was then discharged and the relator was remanded to the custody of the sheriff. She is now seeking her freedom by means of a writ of habeas corpus on the ground that she has once been placed in jeopardy.

The writ of habeas corpus is the correct remedy to test the question whether a defendant has once been placed in jeopardy by the improper discharge of the jury either before or after the case has been submitted to it for decision. (*People ex rel. Brinkman* v. *Barr*, 248 N. Y. 126.) Where a defendant charged with crime has once been placed in jeopardy he may not again be tried for the same offense. The proposition that a defendant once tried and convicted or acquitted of a crime on a valid indictment by a court of competent jurisdiction cannot be tried again for the same offense has its foundation in the principles of justice, is a very ancient doctrine of the common law and is embodied in our Federal and State Constitutions (U. S. Const. 5th Amendment; State Const. art. 1, § 6).

The action of the county judge in declaring a mistrial is most astounding. In announcing his determination he cited no statute or precedent and, of course, could cite none, to sustain his conclusion. On the argument of the writ both the district attorney and relator's counsel announced that the decision of the county judge was a distinct surprise to them. It is apparent that the county judge ignored the record of the Supreme Court before him as to what transpired on relator's arraignment and that he relied on a record made by an employee in the county clerk's office. The employee in question had no authority to record the proceedings in the Supreme Court. An official stenographer is provided for that purpose. The sheriff's return contains the information upon which the county judge acted. It appears from that document

that on relator's arraignment in the Supreme Court she was permitted, with the consent of the district attorney, to plead guilty to the crime of assault in the third degree. Thereupon she was sentenced by the court to the State Prison at Auburn for a term of ten months. The offense to which the relator pleaded guilty is a misdemeanor. The maximum term for which she might be imprisoned for such an offense is one year. (Penal Law, § 245.) When the punishment inflicted is imprisonment for a term less than one year it must be by confinement in the county jail. (Penal Law, § 2181.) The minimum term for which the relator could be sentenced to imprisonment in the State prison is one year. (Penal Law, § 2182.) The sentence imposed upon relator was, therefore, without authority in law and void. (*People ex rel. Devoe* v. *Kelly*, 97 N. Y. 212.) This fact was immediately called to the attention of the court and the court at once directed that the void sentence be revoked and annulled. Relator was immediately rearraigned for judgment. Before sentence was pronounced her counsel requested the court to permit her to withdraw the plea of guilty and to substitute a plea of not guilty. This application was granted. The justice before whom these proceedings occurred is one of our ablest and most experienced jurists. That he possessed the discretionary power to permit the relator to change her plea cannot be questioned. (*People* v. *Steinmetz*, 240 N. Y. 411.) The plea of guilty having been withdrawn by consent of the court the case then stood as if no such plea had ever been entered.

Therefore, taking the county judge's own statement, coupled with the record of the stenographer to which he referred, as a basis of his action then his decision declaring a mistrial is indefensible. The district attorney cites *People* v. *Vitale* (211 App. Div. 814) as a justification for the ruling of the county judge. That case is not in point. There the County Court of Kings county after defendant entered a plea of guilty, after judgment had been pronounced and while sentence was in the process of execution permitted defendant to withdraw the guilty plea and substitute one of not guilty. The Appellate Division held that the County Court was without power to permit the plea of guilty to be withdrawn. The distinction between that case and the case at bar is obvious. Here no valid judgment was pronounced nor had the defendant begun the service of any sentence. After judgment on a plea of guilty and after the beginning of the term of imprisonment the court is without jurisdiction to permit the defendant to change his plea. (Code Crim. Proc. § 337; Penal Law, § 2188; *Matter of Dodd* v. *Martin*, 248 N. Y. 394.)

The next question to be considered is the effect of the county

judge's disposition of the case. There is no doubt that a trial court may discharge a jury and declare a mistrial where it appears from the facts as shown by the record that it is manifestly necessary to do so in order to attain the ends of justice. This power is to be exercised only in very extraordinary and striking circumstances. (16 C. J. 1096; *People* v. *Barrett*, 2 Caines, 304.) Where a manifest necessity for a discharge of the jury does not exist the court has no power to discharge it without the consent or against the objection of the accused. (16 C. J. 1094.) A discharge without sufficient reason is in law substantially equivalent to an acquittal. (*People ex rel. Brinkman* v. *Barr, supra; State* v. *Shuchardt*, 18 Neb. 454.) As has been shown no necessity existed for the discharge of the jury in this case. When a jury is arbitrarily discharged in a criminal case without the consent of the defendant, and where no circumstances exist calling for or permitting the exercise of a discretion by the court, the defendant is, by reason of the trial that thus comes to a sudden end, placed in jeopardy within the constitutional provisions referred to and such discharge is a reason why the defendant should not be again brought to trial upon the same indictment. (*People ex rel. Stabile* v. *Warden, etc.*, 202 N. Y. 138; *People* v. *Barrett, supra; King* v. *People*, 5 Hun, 297.) The trial of the relator having once begun and the jury having been improperly discharged before rendering its verdict the relator has been put in jeopardy. This is so whether the discharge occurs before or after the case was submitted to that tribunal for decision. (*People ex rel. Brinkman* v. *Barr, supra.*)

There is another amazing incident to which attention should be directed. The county judge not only declared a mistrial but he assumed to remand the case to the Supreme Court. In so doing he has singularly misapprehended his authority. The county judge has no power to send an indictment to the Supreme Court excepting an indictment which the County Court has no jurisdiction to try and determine. (Code Crim. Proc. § 40.) All applications made for the removal of an indictment must be made to the Supreme Court. (Code Crim. Proc. §§ 344, 346.) The Supreme Court has inherent power to remove to itself indictments pending in a lower court. It is the ultimate judge as to whether or not a case removed from the County Court should be tried by it or be returned to the County Court. (Code Crim. Proc. § 22, subd. 4; *People* v. *DePuy*, 115 App. Div. 564.) When the Supreme Court transferred the indictment in question to the County Court for trial the county judge had no discretion. It was his duty to yield obedience to the mandate of the Supreme Court and try the issues.

It is to be regretted that the jury was arbitrarily discharged in this case without the relator's consent. However, I have no alternative but to direct her release without a trial on the merits of the charge against her. The result is intolerable and brings our criminal procedure into disrepute. The responsibility therefor must rest with the county judge and not with the Supreme Court.

The writ of habeas corpus is sustained and the prisoner is discharged.