THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN THRUM, Defendant.

Supreme Court, Erie County, March 8, 1932.

*Walter C. Newcomb* [*Peter Naples* of counsel], for the plaintiff.

*William Jones*, for the defendant.

HINKLEY, J.   This is a motion duly made by defendant to dismiss the indictment in the above-entitled action upon the ground that prior to the finding of this indictment the defendant had been placed in jeopardy for the same offense.

The following facts were stipulated by the district attorney and counsel for the defense in open court in the presence of the defendant: That on October 5, 1931, the defendant was placed on trial before Hon. PETER MAUL, judge of the City Court of Buffalo, and a jury.

The specific charge was a misdemeanor in driving a motor vehicle while intoxicated in violation of section 70, subdivision 5, of the Vehicle and Traffic Law of the State of New York. That trial proceeded in due form. The jury retired to deliberate and returning into court announced that they had agreed upon a verdict. Information had come to the attention of the trial judge but was not placed upon the record, that the defendant had been previously convicted of a like offense. Against the protest of defendant's counsel, the court declared a mistrial and discharged the jury. Later defendant was charged with a felony in violation of section 70, subdivision 5, of the Vehicle and Traffic Law in driving a motor vehicle while intoxicated after a previous conviction for a like offense. The specific act of so driving was the same act with which he had been charged and placed on trial in the same court. Against the objection of defendant's counsel that the defendant had been previously placed in jeopardy for the same offense, the City Court held the case for the grand jury. The grand jury thereupon indicted defendant for a felony in driving a motor vehicle while intoxicated after having been previously convicted of a like offense in violation of section 70, subdivision 5, of the Vehicle and Traffic Law.

There is no statutory authority for this motion. There having been no judgment of conviction or acquittal in the lower court, no adequate plea is provided for under section 332 of the Code of Criminal Procedure. The relief sought herein is not included in the grounds of demurrer enumerated in section 323 of the Code of Criminal Procedure.

" Where the defendant, charged with crime, has once been placed in jeopardy, he may not again be tried for the same offense. Of his right to this defense upon his second trial, he may not be deprived. (*People* v. *McGrath*, 202 N. Y. 445.) Even, if he may not always bring up the matter by a plea (Code Crim. Pro. sec. 332) an objection on the record or a proper motion which raises the issue is sufficient." (*People ex rel. Brinkman* v. *Barr*, 248 N. Y. 126, 129.)

" The jury " in the trial in City Court had " retired to consider of their verdict" and they had not agreed thereon. Under those circumstances, the jury could be discharged only in one of the cases set forth in section 428 of the Code of Criminal Procedure. No such case existed and the discharge was, therefore, unlawful.

The purpose of the statute was not only to prevent unlawful interference by the trial court with the deliberations of a jury, but to prevent a trial judge from discharging a jury which, if permitted to continue its deliberations, might acquit. (*People ex rel. Stabile* v. *Warden of City Prison*, 139 App. Div. 448, at p. 493.)

Where a jury is arbitrarily discharged in a criminal case without the consent of the defendant, and no circumstances exist calling for or permitting the exercise of a discretion by the court, the defendant has, by reason of the trial that thus comes to a sudden end, been placed in jeopardy within the constitutional provision and such discharge is a reason within the Constitution why the defendant should not be again brought to trial upon the same indictment. (*People ex rel. Stabile* v. *Warden*, 202 N. Y. 138, at p. 151; *People* v. *Goldfarb*, 152 App. Div. 872, at p. 874; *Kepner* v. *United States*, 195 U. S. 100, at p. 130.)

" One trial and verdict * * * protect him against any subsequent accusation of the same offense, whether the verdict be for or against him and whether the courts are satisfied with the verdict or not." (*People* v. *McGrath*, 202 N. Y. 445, at p. 455.)

The defendant was charged with a violation of section 70 of the Vehicle and Traffic Law of the State of New York, which provides as follows: " § 70. Punishment for violation; procedure * * * 5. Punishment for operating motor vehicle or motor cycle while in an intoxicated condition; * * *. Whoever operates a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a misdemeanor."

That charge was properly brought in the City Court of Buffalo and that court had jurisdiction of the offense.

The indictment herein charges that the same act which constituted the offense in City Court is now, by an additional allegation that defendant had been previously convicted of a similar offense, a violation of the same subdivision of the same section 70 of the Vehicle and Traffic Law. Immediately following the above quotation the language thereof is as follows: " Whoever operates a motor vehicle or motor cycle while in an intoxicated condition after having been convicted of operating a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a felony and shall be punished by imprisonment for not less than sixty days nor more than two years and by a fine of not less than two hundred dollars nor more than two thousand dollars."

Although the charge set forth in this indictment could not be tried in the City Court of Buffalo, the wrongful act itself is the same, the offenses are alike in character and the heading and subheading of section 70, subdivision 5, make no distinction in the offenses but emphasize the punishment and characterize one as a misdemeanor and the other a felony with more severe punishment.

The legislative purpose is to impose a longer period of imprisonment on prior offenders. (*People* v. *Fegelli*, 163 App. Div. 576, at p. 580, in the interpretation of a similar situation arising under

section 1940 of the Penal Law, which was repealed by the Laws of 1920, chap. 571.)

Whatever information came to the attention of the trial judge after the jury had retired to deliberate was neither evidence nor testimony. It did not and could not become a part of the record of the trial. Equally well might some spectator in the court room have shouted a reprieve or a whispered accusation have been wafted through the window from the street below. Had testimony been introduced during the trial that defendant had previously been convicted of a like offense, the question of whether the court would have been deprived of jurisdiction would have arisen. A similar situation is presented when, by the pleadings or the testimony in the City Court of Buffalo, the title to real property becomes involved. (City Ct. Act of Buffalo, § 21, subd. 1.) That question is not presented nor determined upon this motion.

The City Court of Buffalo having jurisdiction of the offense charged and the trial having proceeded properly upon that charge; the jury having retired to deliberate and having been illegally discharged, the defendant was placed in jeopardy upon that trial and cannot be again tried for the same offense.

The extent to which the courts of this State have gone to prevent double jeopardy is indicated in *Hartung* v. *People* (26 N. Y. 167; 28 id. 400).

The general line of authorities in other States is in accordance with these decisions. (*Ingram* v. *State*, 124 Ga. 448; *People* v. *Hunckeler*, 48 Cal. 331; *People* v. *Ny Sam Chung*, 94 id. 304; *Mitchell* v. *State*, 42 Ohio St. 383; *Moore* v. *State*, 71 Ala. 307.)

Motion by defendant to dismiss the indictment granted.