Per Curiam.

On this appeal, we are confronted with the question as to whether the judgment of conviction herein is a valid judgment.
The record here discloses that a trial of the offense of disorderly conduct was commenced on July 15, 1957 before a City Magistrate, Honorable, John E. Prendergast, and was adjourned by him to August 5, 1957 to produce a certain witness; that on the latter date, another City Magistrate presided, and the latter, after receiving from the defendant’s counsel a negative answer to the inquiry as to whether the defendant wanted to try this case de novo and after being told by defendant’s counsel that he wanted to continue it, informed said counsel that he would have to adjourn the trial to a date when Magistrate Prendergast would be available; that, when the case was recalled, defendant’s counsel stipulated to try the case de novo. Such stipulation was in effect a consent to a mistrial, and although the sitting Magistrate did not formally declare a mistrial, the case proceeded to trial before him de novo. The attempted waiver was undoubtedly prompted by expediency or convenience.
*384 A mistrial can be declared (except by reason of an emergency) by the trial court only, and we are of the opinion that the Magistrate then presiding was without authority to declare a mistrial here in the absence of a request from Magistrate Prendergast so to do because of his inability to attend either by reason of illness or some other emergency. (People ex rel. Brinkman v. Barr, 248 N. Y. 126, 130.)
The record is devoid of any reason for the inability of Magistrate Prendergast to attend court on that day and also fails to show any such request.
Accordingly, we hold that the trial before the Magistrate presiding on August 5, 1957 was a nullity and should be set aside as such, and that the trial of this case, commenced before Magistrate Prendergast, should be continued before him.
The judgment of conviction should be set aside as a nullity, and it is directed that the trial, commenced before Magistrate John E. Prendergast, be continued before him on a date to be fixed on notice.
Kozicke, Kozinn and Molloy, JJ., concur.
Judgment set aside, etc.