Thomas DickeNS, J.
Double jeopardy is the point of law
raised by defendant before me at the call of the Trial Calendar in support of a plea for a dismissal of the indictment and for a discharge. The origin of this plea is traceable to the favorable outcome of a motion made by the District Attorney before another Judge of this court at a previous call of the Trial Calendar (but opposed by defendant) to have a mistrial declared after a jury had already been duly impaneled and duly sworn and before any evidence could be introduced.
The ground offered at that time by the District Attorney to uphold his motion for a mistrial is, to use his own language, “As your Honor knows, we adjourned this case until today because of the illness of the complaining witness, but in the interim another trial has been started in this Part of the court which will undoubtedly go for at least the rest of this trial week, making it impossible to go ahead with the jury that has already been impaneled.” (Minutes, Oct. 21, 1957.)
And further: 44 May I point this out to your Honor, that it is not the inability of the People to proceed. That witness is now well and would be able to testify, it is merely for the convenience of all concerned, the convenience of the jury, the convenience of the Court and Mr. Smith and the defendant to have to wait on a day to day basis for the case that is already in progress to be through before we can start with this jury. I think that inconvenience is too much to impose upon anyone.” (Emphasis supplied.)
To these statements may be added the diffident remark, which appears in the District Attorney’s brief submitted for my consideration, that “ although the other case had been commenced subsequent to the instant case, and had not progressed as far, this ground may have been sufficient to prevent the mistrial from serving as an acquittal.” (Emphasis supplied.)
At this point mention should be made that defendant calls attention to numerous adjournments which had been had cover *1063 ing a period from a time anterior to October 11, 1957, the day when the jury was chosen and dnly sworn, and up to October 21, 1957, the day when the mistrial was declared. And all of them, asserts defendant, resulted from applications which had been made entirely by the District Attorney.
Before proceeding to pry into the heart of the subject of double jeopardy, it is appropriate for the purpose of restricting the basic compass of the issue herein, to focus attention here on the distinction which the courts seemingly draw between a criminal prosecution with the aid of a jury and one without the aid of a jury.
In the former instance, double jeopardy as a defense comes into existence after a jury is impaneled and is duly sworn. {People ex rel. Rosebrough v. Casey, 251 App. Div. 867; People v. Barrett, 2 Caines 304; People ex rel. Stabile v. Warden, 202 N. Y. 138, 150 [bottom]; People ex rel. Bullock v. Hayes, 166 App. Div. 507, 510 [top], affd. 215 N. Y. 172.)
In the latter instance, this defense arises after a witness is duly sworn. (People ex rel. Meyer v. Warden, 269 N. Y. 426; People v. Clark, 3 A D 2d 700; People v. Pearl, 272 App. Div. 563; People ex rel. Cohen v. Collins, 238 App. Div. 592, 594 [middle]; People ex rel. Fasano v. Ashworth, 59 N. Y. S. 2d 316; People v. Goldfarb, 152 App. Div. 870.)
Within the former classification falls defendant’s plea.
Jeopardy is the peril and danger to. life or liberty in which a person is put when he has been regularly and sufficiently charged with the commission of a crime; has been arraigned and pleaded to such charge; has been put upon his trial before a tribunal properly organized and competent to try him for the offense charged; and a jury has been duly impaneled from persons competent to sit on the trial and duly sworn to try the cause, and charged with due deliverance. (1 Wharton’s Criminal Law [12th ed.], § 395, p. 541 et seq.; see, also, People ex rel. Ostwald v. Craver, 188 Misc. 5, affd. 272 App. Div. 181.) A jury is said to be thus charged when it has been impaneled and sworn. (22 C. J. S., Criminal Law, § 249, p. 386; People ex rel. Bullock v. Hayes, supra.)
The only causes for which a jury impaneled and sworn to try an accused on a criminal charge can be discharged by the court without a verdict are:
1. Consent of the defendant; 2. Illness of (a) one of the jurors, (b) the defendant, or (c) the court; 3. Absence of a juryman; 4. Impossibility of the jurors to agree on a verdict; 5. Some untoward accident or incident that renders a verdict impossible; and 6. Extreme and overwhelming physical or legal *1064 necessity. A statute providing the causes for and the circumstances under which a jury may he discharged without rendering a verdict, controls the effect of a discharge before verdict. (Wharton, op. cit., p. 549 et seq.; Code Crim. Pro., §§ 402, 403, 408, 409, 416, 428, 430, 432; Grant v. People, 4 Parker Cr. Rep. 527; Klock v. People, 2 Parker Cr. Rep. 676; People v. Goodwin, 18 Johns. 187, 202 [bottom et seq.]; People v. Reagle, 60 Barb. 527; People v. Goldfarb, supra; People v. Caballero, 194 Misc. 145; People ex rel. Herbert v. Hanley, 142 App. Div. 421; People ex rel. Bullock v. Hayes, supra; People v. Fishman, 64 Misc. 256.)
Undoubtedly, a trial court may discharge a jury and declare a mistrial provided it is manifestly necessary to attain the ends of justice; but such power is to be exercised only in very extraordinary and striking circumstances; and this is so whether the discharge occurs before or after the case is submitted to the tribunal for decision. (People ex rel. Wright v. Klein, 139 Misc. 353; People ex rel. Totalis v. Craver, 174 Misc. 325; People v. Montlake, 184 App. Div. 578.) If arbitrarily done without a defendant’s consent, or against his objection, it results in placing him in jeopardy in violation of his constitutional rights {People v. Thrum, 143 Misc. 7; People ex rel. Totalis v. Craver, supra) unless he by his own act brings about a condition under which such trial could not proceed with justice to all concerned. {People ex rel. Jimerson v. Freiberg, 137 Misc. 314; People ex rel. Cohen v. Collins, supra; People ex rel. Ostwald v. Craver, supra.)
All the authorities agree that when jeopardy has once attached for however short a time, the trial must proceed and be prosecuted to a legal determination. (Wharton, op cit., p. 546 et seq.)
A trial in common parlance may extend from arraignment to verdict and sentence, and includes the impaneling of a jury. {People v. Landers, 264 N. Y. 119, 123 [middle]; People v. O’Keefe, 280 App. Div. 546.)
Furthermore, a look at the law concerned with jury service may prove revealing.
By statutory mandate a person who qualifies for jury service under article 17 of the Judiciary Law becomes, ipso facto, in duty bound by law to serve as a juror for a definite period of two weeks, and when selected as a juror to serve in a trial, he may be required to so serve beyond this period until its conclusion (Judiciary Law, § 601; Rules Relating to Jurors G-enerally [App. Div., 1st & 2d Depts.], rule 11; Code Crim. Pro., §§ 431, 432, and see, also, § 358), and, with power resting in the hands of the Trial Judge to extend the trial, even beyond the original term of the court, if necessary. (Code Crim. Pro., §§ 10-e, 10-f; *1065 Judiciary Law, § 6; Civ. Prac. Act, § 436; Matter of McDonald v. Colden, 294 N. Y. 172; Ferris v. People, 35 N. Y. 125; Matter of Cedar, 240 App. Div. 182, affd. 265 N. Y. 620; Goodrich v. Ross-Ketchum Co., 274 App. Div. 157; People ex rel. Weick v. Warden of City Prison, 117 App. Div. 154, affd. 188 N. Y. 549.)
If this is so, then it impresses me to he futile for one to urge in confrontation with this mandatory statute (Judiciary Law, § 601, supra) that jurors when selected and impaneled for actual jury service in a trial and sworn in solido (Code Crim. Pro., § 387), can be said to be inconvenienced while awaiting the termination of another trial in the same Trial Part, especially when the record is devoid of any facts or circumstances (cf. People ex rel. Totalis v. Craver, supra) which could even be conducive to making applicable any one of the causes mentioned .in Wharton’s Criminal Law (supra) and especially when the stagnant position of the case is the result of repeated adjournments initiated by the District Attorney, which could in time have a dire effect, as it appears to have had here, on the fundamental doctrine that sound public policy demands prompt disposition of criminal cases. (See People v. Paine, 104 N. Y. S. 2d 528; Code Crim. Pro., § 8, subd. 1; People v. Prosser, 309 N. Y. 353; Klock v. People, supra.)
All this analysis leads to only one conclusion, to wit, that the reason for the discharge of the jury is not one that can be termed a very extraordinary and striking circumstance (People ex rel. Wright v. Klein, supra), or, to be more extensive, one that can be considered to measure up to any one of the several causes found in Wharton’s Criminal Law (supra) and in the authorities cited (supra). It follows that the disposition of the case as a result of the reason unsanctioned by law, falls within the condemnation of the rule that a discharge without sufficient reason is in law substantially equivalent to an acquittal. (People ex rel. Wright v. Klein, supra.)
The plea of double jeopardy herein being justified, the indictment is dismissed and defendant is ordered to be discharged.
For the purpose of clarification, it is to be noted that I have assumed to pass upon this question with the prior approval of the Judge who had presided in the Trial Part where the mistrial was declared.
Indictment dismissed and defendant discharged.