Charles A. Loreto, J.
This application presents two questions, one, whether relief by writ of prohibition is permissible, and, second, if it is, whether it should be issued.
*473 Petitioner alleges that, pursuant to an indictment found by the Grand Jury charging him with the commission of several crimes, he was brought to trial, a jury drawn, and, during the cross-examination of the principal witness for the prosecution, upon the motion of the District Attorney a mistrial was declared and the court thereupon set the case down for a trial de novo. Petitioner, now raising the plea of double jeopardy, seeks to prohibit the several Judges of the County Court of Bronx County from taking any steps to try him on the same charges.
In its memorandum dated February 4,1960 (N. Y. L. J., Feb. 8, 1960, p. 13, col. 4), the court answered the first question above mentioned in the affirmative, denying the respondent’s motion to dismiss the petition as a matter of law and giving the respondents leave to answer it. It now states its reasons for that ruling.
At the outset, it is frankly noted that the court’s preliminary ruling appears to be contrary to the weight of authority. For in American Law Reports (vol. 159, p. 1295), the authors state: ‘ ‘ By the weight of authority it is held that the defense of former jeopardy or autrefois acquit, which is available to a defendant in a criminal proceeding to prevent a conviction of an offense of which he has been previously convicted or acquitted, does not furnish a ground for the issuance of a writ of prohibition to preclude the court from undertaking to try the defendant a second time, and that such defense must be set up in the criminal prosecution itself.”
In support of the assertion that such is the holding of the weight of authority, the authors of this legal compendium give citations of decisions of courts in seven States, to wit., California*, Florida, Louisiana, Missouri, Oklahoma, West Virginia and Wisconsin.
Also it is frankly admitted that the ruling made herein is not in accord with the general rule, which with some degree of uniformity has been stated in various texts, compendia and court opinions substantially as follows: When the court has jurisdiction of the parties and the subject matter (here concededly it does) the writ of prohibition is not warranted to correct errors or irregularities of the court for which the ordinary and usual remedies provided by law are available, for in such a case there not only has been no usurpation or abuse of power, but *474 there exist other adequate remedies (73 C. J. S., Prohibition, § 12; 77 A. L. R. 247; 22 Carmody-Wait, New York Practice, § 222).
Apparently following the general rule, the Attorney-General contends on behalf of the respondents that the petitioner has other, adequate remedies. He argues that the petitioner should raise the plea as a defense upon the new trial and that in the event he believes himself aggrieved because of any error committed by the trial court, he will have the right to appeal. Also he argues that the petitioner can apply for a writ of habeas corpus. The court agrees that the petitioner can apply for the writ of habeas corpus if he is returned into custody (he is presently released on bail) and that he may interpose the plea of jeopardy upon the trial should he choose to await another trial.
Prohibition is an ancient remedy found to be used in the development of the English law as early as the twelfth century (77 A. L. R. 245, 246).
Article 78 of the New York Civil Practice Act, which supersedes prior statutory provisions covering this writ and other remedies existing at common law, merely states the procedure that must be followed in order to invoke them.
This court is aware of the fact that prohibition is an extraordinary remedy which necessity alone justifies and should issue only in the sound, wise and cautious discretion of the court (22 Carmody-Wait, New York Practice, §§ 223-224) and that this extraordinary remedy should be reserved for unusual cases and should not be resorted to to correct errors but in aid of substantial justice and to forbid the exercise of unauthorized power {Matter of Lyons v. Goldstein, 290 N. Y. 19).
Mindful of these admonitory statements of law, the general rule, as well as the possible weight of authority, all of which seemingly would require a contrary ruling, the court believes that its ruling is sustained (1) by the decision in People ex rel. Brinkman v. Barr (248 N. Y. 126) and (2) as an exception to the general rule.
Although in the Barr case the court deals with a writ of habeas corpus, what it states in its opinion perforce applies with equal efficacy here to prohibition. For the petitioner cannot successfully apply for the writ of habeas corpus, because he had been released on bail and is presently so released. Clearly it would be inappropriate and a misuse of that great writ if it were granted to release a person who voluntarily secures his incarceration as the Attorney-General suggests the petitioner should *475 do by discharging his bail and surrendering himself to the prison warden.
In the Barr case the defendant was in actual custody and therefore he properly sued for a writ of habeas corpus. The Trial Judge during the trial of that case having become ill, another Judge discharged the jury and the defendant thereupon raised the plea of double jeopardy. The Court of Appeals stated (p. 129): “ Under such circumstances there is in effect an acquittal. ‘ If there is no authority to again place the defendant upon trial upon the indictment, there is no right to restrain him of his liberty.'1 (People ex rel. Stabile v. Warden, etc., 202 1ST. Y. 138.) If thereafter the defendant is unlawfully in custody with no right to appeal from the mandate under which he is confined, he may, if he so chooses, seek a remedy by means of the writ of habeas corpus. There is no reason why, entitled to freedom, he should be imprisoned, until his case is again moved for trial.” (Emphasis supplied.)
There are two important points applicable to the present case clearly discernible in the foregoing quoted extract of the opinion in the Barr case: First, that although the trial court has jurisdiction, where the defendant raises the plea of double jeopardy, the court lacks the authority to subject him to another trial upon the same indictment; and, second, that the defendant should not be required to await another trial to raise the plea as a defense therein, meanwhile being denied his liberty.
In two Court of Appeals cases almost one century apart, we find expressions approving the use of the writ of prohibition when the court has jurisdiction but is exceeding its ‘ ‘ legitimate ’ ’ or “ authorized ” powers.
The earlier case is Quimbo Appo v. People (20 N. Y. 531, 540-541) where the court in sustaining the issuance of the writ of prohibition stated: “ It is an ancient and valuable writ and one the use of which in all proper cases should be upheld and encouraged. * * * It is true that the most frequent occasions for the use of the writ are where a subordinate tribunal assumes to entertain some cause or proceeding over which it has no control. But the necessity for the writ is the same where in a matter of which such tribunal has jurisdiction, it goes beyond its legitimate powers; and the authorities show that the writ is equally applicable to such a case.” (Emphasis supplied.) The later case is Matter of Hogan v. Court of General Sessions (296 N. Y. 1, 8) approving the use of the writ¡ z to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction.”
*476 Although the court in its research has not found any statement anywhere in court opinion or legal text declaring it to be an exception to the general rule where the plea of double jeopardy is presented as a basis for the issuance of the writ of prohibition, it conceives this to be in the nature of an exception to the general rule and it should be so declared. This is so because of the protection accorded by our State and Federal Constitutions. The plea of double jeopardy is not a defense in the ordinary sense. For a defense such as alibi, self-defense, lack of intent, etc., is aimed at establishing the defendant’s innocence of the crime charged and of necessity must be proffered at the trial; whereas the plea of double jeopardy (unless there was an actual acquittal upon a prior trial) is not directed toward establishing the defendant’s innocence but is an assertion of a constitutional grant of immunity. Therefore, it is more than a defense. The act which terminates the first trial germinates into life the dormant seed of constitutional immunity.
“ [N]o person shall be subject to be twice put in jeopardy for the same offense ” (N. Y. Const., art. I, § 6).
“ [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ” (U. S. Const., Arndt. V). The guarantee is that a person shall not be subject to the risk of a second trial. Nor may his protection be abridged or curtailed by holding that a defendant may assert it during any stage of the new trial. The immunity protects him against being subjected to another trial — any part of another trial. There is jeopardy so long as the indictment with the same charge is outstanding and pending. “ The court will [should] purge its records when there is menace lurking in the future until the purge is made complete ” (Cardozo, J., in People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 35). Therefore, reason and logic indicate that it is permissible to raise the plea of double jeopardy, if a person chooses, before the commencement of another trial and in whatever forum is proper and available.
At present there is no order, judgment or mandate from which petitioner can take an appeal. A motion addressed to the County Court to dismiss the indictment would be unavailing, for it is sufficient on its face. The point he presents here can be raised in that court by plea to the indictment (Code Crim. Pro., §§ 332, 341), or failing to make such a plea by objection on the record at the trial (People ex rel. Brinkman v. Barr, 248 N. Y. 126, 129). He is to an extent deprived of his liberty, although he is not in custody. To be sure, to await a new trial and to defend it and possibly to prosecute an appeal, involves *477 delay and expense.* The question as to whether jeopardy may be sustained is a legitimate one, a jury having been properly selected and sworn, the court having jurisdiction of the subject matter and the defendant, and the discharge of the jury having been granted without his consent (1 Wharton’s Criminal Law, § 395).
For the foregoing reasons, the court concludes that in the exercise of its discretion the petitioner’s application for the writ of prohibition should be entertained.
After answer and return of the respondents, the second question will be considered, i.e., whether the writ should be granted.

 To the contrary, Jackson v. Superior Court (10 Cal. 2d 350) holds that where a trial of a criminal case is likely to be a prolonged one with an extensive record the defendant is not required to set up the plea of double jeopardy at the trial and is not precluded from applying for a writ of prohibition.

 It is stated that expense and delay do not justify the granting of the writ of prohibition when other remedies are available (Carmody-Wait, New York Practice, § 224). Regarding delay the text cites People ex rel. the City of Albany v. Clute (42 How. Prac. 157) a Special Term ease, and regarding expense it cites People ex rel. Woodbury v. Hendrick (215 N. Y. 339) where the court did not admit delay would be entailed. These two factors of expense and delay would be present in practically every ease where a defendant would be required to pursue other remedies instead of prohibition. Where the plea of double jeopardy is raised, it is apparent that the defendant would incur both if relegated to another trial and possible appeal. However, the ruling holding the writ to be permissible where jeopardy is claimed is independent of the considerations of expense and delay and rests upon the constitutional protection accorded the defendant and the efficacy of the holding in the Barr case.