Ellsworth N. Lawrence
(Franklin County Judge and Acting Judge for Queens County). I am confronted with the question: When does double jeopardy arise?
The facts are these:
A jury was impanelled and sworn to try the defendant upon charges of felonies. Neither party had opened. No witness had been sworn. At that point the case was adjourned from Friday to Monday.
On Monday the complaining witness did not appear, although he was still under subpoena. He had been present on Friday and was identified to the jury during their selection.
The court declared a mistrial on its own motion, reciting the absence of the complaining witness as the reason. Defense counsel took no part therein and specifically did not consent thereto.
After a mistrial had been declared, the defendant moved to dismiss the indictment and to discharge the defendant, claiming that double jeopardy would attach in any subsequent trial.
The Court of Appeals has never decided this issue.
People ex rel. Meyer v. Warden (269 N. Y. 426, 428) lays down the general rule that jeopardy attaches after the giving of evidence. This would seem to mean that after the first witness for the People has answered the first question under oath, the defendant is in jeopardy.
The earlier case of People ex rel. Stabile v. Warden (202 N. Y. 138) contains dicta to the effect that a defendant has been in jeopardy where the public prosecutor was not ready with his evidence (p. 151) but the court also speaks of proceeding to trial after the jury is sworn (p. 150), which would seem to involve the taking of evidence. But in the Stabile case a mistrial was declared only after the jury had started to deliberate on its verdict.
*984 I find no authority in the Second Department on this point. People ex rel. Bullock v. Hayes (166 App. Div. 507, affd. 215 N. Y. 172) involved a new trial after a disagreement in the first trial. People ex rel. Rosebrough v. Casey (251 App. Div. 867) is not conclusive.
In People v. O’Hara (200 N. Y. S. 2d 173) the holding was that a defendant was not in jeopardy until the jury had been sworn. As the jury had not been sworn in the O’Hara case, the case is not in point here.
The Third Department holds, in People ex rel. Carlucci v. La Vallee (11 A D 2d 553) that the declaration of a mistrial after a jury was sworn and before any further proceedings were had does not place a defendant in jeopardy. That case holds further that neither the consent of the defendant nor his counsel is necessary to the declaration of a mistrial.
In the First Department, it has been held that the taking of evidence is the test in trials of misdemeanor before Courts of Special Sessions. (People v. Clark, 3 A D 2d 700, where the court based its decision on People ex rel. Meyer v. Warden, supra.)
The Court of General Sessions, in People v. Colon (18 Misc 2d 1061) has held that in criminal jury trials, the swearing of the jury places a defendant in jeopardy, even before any further proceedings are had.
The opinion in the Third Department in the Carlucci case has clearly determined the issue for that department. It may perhaps be uncertain whether the First Department would extend their rule in the Clarh case to jury trials or would follow the Colon opinion.
I believe it would be sound public policy to follow the Third Department. As I see it, issues are presented to the trier of the facts, whether court or jury, only after the first witness has been sworn and has testified. Then jeopardy attaches, for at that time the judge or jury begins to consider evidence. Credibility, always an issue, begins then to be considered. Everything before that is preliminary, including the swearing of the jury, the opening of the People and the opening, if any, of the defendant.
When the first witness answers the first question under oath, the trier of the facts begins a reasoning process which will eventually lead to deliberation and a verdict. Motion is denied.