Howard A. Zeller, J.
Petitioner seeks an order pursuant to article 78 of the Civil Practice Act prohibiting the City Court of Ithaca, New York from pronouncing sentence upon him after the acting City Judge had found him guilty of the offense of disorderly conduct in violation of section 722 of the Penal Law. Petitioner claims he had already once been placed in jeopardy for the same offense and acquitted by a jury.
On August 4, 1961, a written information was filed against petitioner accusing him of the offense of disorderly conduct as follows: “On the 28th day of July, 1961 * * * did * * * violate the provisions of the Penal Law * * * section 722 * * * in that he did go to 505 N. Albany St., in said City of Ithaca, N. Y. without an invitation, get out of his car and in a loud, threatening, abusive and insulting language did accost complainant * * * and did by his abusive language and conduct interfer with deponent’s peace and quiet and did disturb the neighborhood and did put deponent in fear of bodily harm ”.
Three days later a second written information was filed against him reciting the same facts as to time, place and acts but charging a violation of section 720 of the Penal Law, which is a misdemeanor.
The Magistrate consolidated both informations for the purpose of trial and the action was tried before a jury. After the close of the evidence the Assistant District Attorney moved to sever the informations so that the Magistrate would decide the offense charged in violation of section 722 of the Penal Law and the jury would decide the misdemeanor accusation under section 720. The Magistrate purported to reserve decision upon that motion but submitted to the jury the question of the guilt or innocence of petitioner under both informations. He clearly explained both charges to the jurors and told them:
*358 “ You can convict or acquit on both or find the defendant guilty of one or the other.” The jury reported as follows:
“We find the defendant not guilty on both charges ”.
Immediately thereafter the Magistrate found petitioner guilty of the offense of disorderly conduct. Concerning that charge under section 722, the Magistrate stated: “ He had no right to a jury trial. Since both charges were consolidated, the jury considered both charges, but the charge under 722 was reserved pending the verdict, and I feel that I have a right on that charge to find him guilty on my own motion by his own admissions ”.
The matter was adjourned for later sentencing and this proceeding instituted pursuant to article 78 of the Civil Practice Act to prohibit the City Court from pronouncing judgment and passing sentence on petitioner.
Respondents argue that petitioner was not entitled to a jury’s determination of the offense charge under section 722, that the Magistrate was required to summarily decide that charge and was without power to create any jurisdiction in the jury over that charge. Contending that the jury’s verdict was a nullity and never placed petitioner in jeopardy, respondents urge that no fundamental right of petitioner was invaded justifying invocation of the remedy of prohibition pursuant to article 78.
Petitioner agrees that the magistrate had the power to deal summarily with the offense charge under section 722 and that he had no absolute or statutory right to a trial by jury thereunder. But petitioner argues that jeopardy attached when the Magistrate voluntarily submitted the issue of guilt to the jury, that the court was bound by the acquittal and its further proceedings and finding of guilty constituted double jeopardy.
The City Court had jurisdiction over both the offense and the person of petitioner at the time of the trial. Petitioner pled not guilty to the offense charged, evidence was heard and the question of guilt was submitted to a duly constituted jury. Either petitioner was legally acquitted by the jury or the lawfully initated trial of the offense had reached such a point of jeopardy to petitioner that the mistaken submission of the offense charge to the jury constituted a legal bar to the Magistrate’s resumption of summary jurisdiction. “It is not necessary in order that a person may avail himself of the constitutional right not to be placed twice in jeopardy for the same offense that the prior trial shall have resulted in a valid judgment either of conviction or acquittal. It is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as a result of the trial. * * * If a court proceeds illegally after a *359 prisoner has been placed in jeopardy its illegal act cannot nnlify the jeopardy.” (People ex rel. Meyer v. Warden, 269 N. Y. 426, 429; People ex rel. Stabile v. Warden, 202 N. Y. 138; see, e.g., Matter of Mack v. Court of Gen. Sessions, 14 A D 2d 98; People v. Clark, 3 A D 2d 700; People v. Colon, 18 Misc 2d 1061.) As to any defendant, “ One trial and verdict must * * * protect him against any subsequent accusation of the same offense, whether the verdict be for or against him, and whether the courts are satisfied with the verdict or not.” (Cooley, Constitutional Limitations [8th ed.], pp. 685-686.)
The prosecuting attorney’s brief argues that because of the summary powers of the magistrate over the offense of disorderly conduct the jury’s verdict could only be treated as advisory, quoting as authority Corpus Juris Secundum (vol. 30, Equity, § 510, p. 904) with an added parenthetical insert by counsel. The section, in the original, is excellent authority only for the proposition that advisory verdicts are common in courts of chancery and equity. No valid statutory or case authority has been cited or found sanctioning an advisory jury verdict in prosecutions under the penal code. It is repugnant to our concept of fundamental law to require an accused person to submit the question of his guilt or innocence to two triers of the fact in the same trial. The jury’s verdict, whether valid or not, terminated the charge. The Magistrate’s subsequent review of the evidence and finding of guilt constituted double jeopardy.
Under the circumstances of this case an appeal is not the only appropriate remedy. The danger of exposure to a second jeopardy for the same offense in law and fact is constitutionally proscribed and, if found to exist, justifies invoking the extraordinary power of prohibition. (N. Y. Const., art. I, § 6; see Matter of Murtagh v. Leibowitz, 303 N. Y. 311; Matter of Nolan, v. Gen. Sessions, 15 A D 2d 78; Matter of Sovocool v. David, 7 A D 2d 262, 267-268.) As stated by Mr. Justice Stevens in Matter of Mack v. Court of Gen. Sessions, (14 A D 2d 98, 101, supra) “all of this court are agreed that if there is double or former jeopardy, the fact that an article 78 proceeding is rarely entertained in cases of this nature, would not preclude granting the relief sought.”
An order should be granted prohibiting the Magistrates of the City Court from pronouncing judgment and passing sentence and requiring them to immediately discharge petitioner.