■ Rosario T. Joaquin, Appellant, v George S. Eaton, as Justice of the Mineola Village Justice Court, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the petitioner's prosecution under a pending criminal information on the ground of double jeopardy, petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated November 30, 1981, which granted the respondents' motion for summary judgment dismissing the proceeding. Judgment reversed, on the law, with $50 costs and disbursements, and the matter is remitted to Special Term for further proceedings consistent herewith. Special Term erroneously determined that it lacked subject matter jurisdiction to entertain the instant CPLR article 78 proceeding which is in the nature of prohibition. Petitioner's contention, as asserted in her petition, that the continuing prosecution under the pending criminal information would violate her double jeopardy rights, "classically fits the traditional mold of [the] historic writ [of prohibition] (*Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,* 37 NY2d 560; *Matter of Di Lorenzo v Murtagh,* 36 NY2d 306; *Matter of Cirillo v Justices of Supreme Ct. of State of N. Y.,* 34 NY2d 990)" (*Matter of Auer v Smith,* 77 AD2d 172, 180, app and cross-apps dsmd 52 NY2d 1070). Petitioner's failure to pursue any other legal remedies available to her does not preclude Special Term from considering her petition (see *Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, supra; Matter of Auer v Smith, supra; Matter of McCabe v County Ct. of State of N. Y., County of Bronx,* 24 Misc 2d 472). Accordingly, we are remitting the matter to Special Term for consideration of the merits of the petition. Damiani, J. P., O'Connor, Rubin and Boyers, JJ., concur.